

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-1016-09

**FELIX FLORES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 03-08-00342-CR FROM THE THIRD COURT OF APPEALS
### HAYS COUNTY

**HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined. MEYERS, J., filed a dissenting opinion.**

In this case, we must determine whether the magistrate who issued the search warrant for Felix Flores's residence had a substantial basis for concluding that probable cause existed. We hold that the magistrate did have a substantial basis.

On March 6, 2007, Detective Attila Farkas and other members of the Hays County Narcotics Task Force obtained a magistrate's warrant to search the residence at 1920 Ramona Circle in San

Marcos.[1]  The warrant authorized a search for cocaine, marihuana, and other evidence of drug

trafficking.  The probable cause affidavit in support of the warrant read in relevant part as follows:

> "Affiant, Attila Farkas, is a peace officer employed by the Hays County Sheriff's Office and is currently assigned to the Hays County Narcotics Task Force. Affiant has been employed as a peace officer for over 9 years.  Affiant has been involved in numerous narcotic investigations during Affiant's career and has received numerous hours of training and experience in narcotic investigations.
>
> "Affiant has observed cocaine, crack cocaine, methamphetamine, 3,4-methylenedioxy methamphetamine or ecstasy, marijuana, lysergic acid diethylamide or LSD, heroin, psilocybin mushrooms and other illegal narcotics in these investigations and is aware of how they are manufactured, cultivated, packaged for sale, transported, and used.
>
> \*    \*    \*
>
> "In February of 2007, Affiant received a phone call from a concerned citizen regarding narcotics activity at a house located on Ramona Circle in San Marcos, Texas.  The caller wished to remain anonymous for reasons of his/her safety.  The concerned citizen could not give an exact address but did describe the vehicles that are typically found at the residence.  The vehicle descriptions were a black F-150 truck and a gold Firebird.  The concerned citizen also stated that an individual by the name of Felix Flores resides at the residence with his girl friend.  The female was only identified as a white female by the name of Tiffany.  The concerned citizen also stated that he/she had observed a quantity of cocaine inside the residence in the past and that Child Protective Services had conducted an investigation [of] Flores regarding the use of marihuana in the presence of his children.
>
> "Affiant with the aid of Detective Ronald Verette located the suspected residence.  Detective Verette observed a residence on Ramona Circle with vehicles matching the descriptions given to Affiant.  Detective Verette observed the residence was marked 1920 and provided the license plates of the vehicles to Affiant.  Affiant checked both vehicle registrations through the DPS, MVD data base.  The black truck, TX registration 4WKS82 returned to a Felix Flores with a Maxwell, Texas address.  The registration of the gold Firebird returned to a Maria Wardell at 1920 Ramona Circle, San Marcos, TX.
>
> "Affiant conducted a utility subscriber check to establish who had utility information at 1920 Ramona Circle, San Marcos, TX.  Tiffany Wardell was the name listed on the account.  The account information provided the TX drivers license #112437791.  Affiant checked that number through the DPS data base and it returned to a Tiffany Wardell with the address of 1920 Ramona Circle, San Marcos, TX. Affiant checked the Hays County Sheriff's Office data base for any information on

---

[1]  The State's evidence at Flores's trial established that he resided at the Ramona Circle address at the time of the search.

Felix Flores. The information obtained gave his address as being located in Maxwell, TX. Affiant checked the Hays County Narcotics Task Force data base for any information regarding Felix Flores. The only information provided stated that the Task Force had obtained information regarding Flores several years ago and the information was turned over to Caldwell County Narcotics since Flores did not live in this jurisdiction at that time.

"Affiant contacted Caldwell County Narcotics and spoke with Jesse Hernandez regarding Felix Flores. Hernandez advised Affiant that Flores had been under investigation but that no charges had been filed. Affiant contacted Child Protective Services and spoke with Cheryl Smith regarding Flores. Smith advised that there had been an investigation regarding the welfare of children at Flores' residence but that it had occurred at his residence in Maxwell.

"On 03-01-07, Affiant obtained the abandoned household garbage from the garbage can located in the street, directly in front of the residence located at 1920 Ramona Circle, San Marcos, Hays County, Texas.[2] Affiant examined the garbage for any evidence of narcotics use. Affiant located two empty packages of cigarette rolling papers. Affiant from his experience and training knows that [this] type of rolling papers [is] commonly used to smoke marijuana cigarettes. Affiant also located a plastic bag believed to contain a small amount of marijuana residue. Affiant swabbed the inside of the bag using a q-tip. Affiant placed the q-tip inside a marijuana field test kit. The q-tip turned a purple color indicating the presence of marijuana.

"On 03-05-07, Affiant again obtained the abandoned household garbage from the garbage can located on the street, directly in front of the residence at 1920 Ramona Circle, San Marcos, Hays County, Texas. Affiant again examined the contents of the garbage for any evidence of narcotics use. Affiant located several marijuana stems, seeds and marijuana residue."

On March 7, 2007, Farkas and other members of the Task Force executed the search warrant. In the course of their search, they discovered small quantities of marihuana and cocaine.

On September 13, 2007, a Hays County grand jury returned an indictment charging Flores with the felony offense of possession of more than four grams but less than 200 grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code § 481.112(d).

---

[2] Flores has never argued that he had a reasonable expectation of privacy in the contents of the garbage can. *See California v. Greenwood*, 486 U.S. 35, 37 (1988) (Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection outside the curtilage of a home).

On March 10, 2008, Flores filed a written motion to suppress all of the items found during the March 7, 2007, search of the Ramona Circle residence. In his motion, Flores, citing both the Fourth Amendment to the United States Constitution and Article I, § 9, of the Texas Constitution, argued that the search of the residence had been carried out without probable cause and, thus, without a valid warrant.[3] More specifically, Flores argued:

> "[T]he affidavit for the search warrant [did] not contain sufficient underlying facts adequately to inform the magistrate of how the alleged informant obtained his/her information and [did] not contain sufficient underlying facts to establish the credibility and reliability of the alleged informant. Additionally, the searches of the trash receptacles[4] outside of the residence [were] insufficient to establish probable cause to search the residence."

On May 12, 2008, immediately before Flores's trial, the trial court held a brief, non-evidentiary hearing on Flores's motion to suppress, and then denied it. The jury later found Flores guilty as charged and assessed his punishment at imprisonment for twelve years.

On direct appeal, Flores, again citing both the Fourth Amendment and Article I, § 9, argued that the trial court had erred in denying his motion to suppress. Flores's argument proceeded as follows:

> "The search warrant affidavit failed to provide a [substantial] basis for the magistrate to believe there was contraband in the house to be searched and at the time the warrant issued. An anonymous tip will rarely be sufficient to provide probable cause. Here, the tip did not even give a date. Although the affiant corroborated some information in the tip, these facts were essentially matters of public knowledge. The officers did find traces of marijuana in the two trash searches, but the affidavit did not establish an affirmative link to [Flores] or his house. Because garbage is readily

---

[3] Flores has never contested that the State had a magistrate's warrant to support its search of the Ramona Circle residence. Thus, Flores has the burden of showing that the magistrate's warrant was invalid. *Russell v. State*, 717 S.W.2d 7, 9-10 (Tex.Crim.App. 1986).

[4] In Flores's written motion to suppress, he referred to "the trash receptacles" (plural), but in Farkas's affidavit, he referred to "the garbage can" (singular).

available to the public, these two discoveries alone were insufficient to establish probable cause."

The State argued in response:

> "Contrary to [Flores's] belief, the magistrate had a substantial basis for concluding that illegal drugs would be found in the residence targeted for the search, because the confidential informant had first-hand, detailed knowledge of the presence of drugs in the home and knowledge of a CPS investigation involving drug use by [Flores]. Moreover, the information provided by the informant was corroborated with vehicle identification, a utility subscription, and a [background] search which revealed [possible] prior drug activity by [Flores], a confirmed CPS investigation [of Flores], and two trash runs which produced evidence of drugs."

The court of appeals, after a lengthy analysis, held that "the anonymous informer's tip and related information did not give the magistrate a substantial basis for believing that cocaine, marihuana, or evidence of unlawful controlled substance dealing would be found in the house at 1920 Ramona Circle on March 6, 2007."[5] *Flores v. State*, 287 S.W.3d 307, 313 (Tex.App.–Austin 2009). The court of appeals also held, however, that Farkas's two "trash runs," as described in his affidavit, did provide the magistrate with a substantial basis for concluding that probable cause existed:

> "[T]he fact that Farkas found marihuana residue in the trash container outside the residence at 1920 Ramona Circle on two different occasions suggests that the incriminating material had not been placed there by a neighbor or some passer-by, but that it actually came from inside the house. The situation is analogous to 'the doctrine of chances,' which states that unusual events are unlikely to repeat themselves inadvertently or by happenstance. This presents a very close case, but keeping in mind the deference that is due the magistrate's determination of probable cause, we conclude that the affidavit gave the magistrate a substantial basis for concluding that there was probable cause to search the premises for marihuana." *Id*. at 316-17 (citation omitted).[6]

---

[5] The record reveals that the search warrant was actually executed on March 7, 2007.

[6] The court of appeals also held that, although "the affidavit presented to the magistrate

(continued...)

We granted Flores's petition for discretionary review in order to determine whether the court of appeals erred in holding that the magistrate who issued the search warrant for Flores's residence had a substantial basis for concluding that probable cause existed to search that residence for marihuana.[7] In his brief to this Court, Flores argues that the court of appeals erroneously "created a bright line rule [whereby] any discovery of contraband traces in a publically available trash container on two consecutive occasions . . . authorizes issuance of a residential search warrant."[8] The State responds that "the trash runs coupled with the [partially corroborated anonymous tip] gave the magistrate a substantial basis for concluding that illegal drugs would probably be found on the premises."

The Fourth Amendment provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and

---

[6](...continued)
gave him probable cause to issue a warrant to search the suspect premises for marihuana," "the trial court did not reversibly err by overruling the motion to suppress as it applied to cocaine" because "[t]he officers found the cocaine in plain view while lawfully searching for marihuana." *Flores v. State*, 287 S.W.3d 307, 318 (Tex.App.–Austin 2009). Flores, in his petition for discretionary review, did not challenge that holding, and we did not grant review to consider it.

[7] Flores's sole ground for review reads as follows: "When no other facts in a search warrant affidavit establish probable cause, should Texas have a blanket rule that finding traces of contraband in trash outside a residence on two consecutive weeks automatically supports issuance of a warrant to search that home?"

[8] Flores has never argued that Article I, § 9, provides more protection than the Fourth Amendment, so we resolve this case under the Fourth Amendment only. *See Heitman v. State*, 815 S.W.2d 681, 690 n. 23 (Tex.Crim.App. 1991).

particularly describing the place to be searched, and the persons or things to be seized."[9]

The cornerstone of the Fourth Amendment is that a magistrate may not issue a search warrant without first finding "probable cause" that a particular item will be found at a particular location. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex.Crim.App. 2007). Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a "fair probability" or "substantial chance" that contraband or evidence of a crime will be found at the specified location. *Illinois v. Gates*, 462 U.S. 213, 238, 243 n. 13 (1983). Probable cause for a search warrant does not require that, more likely than not, the item or items in question will be found at the specified location. *Texas v. Brown*, 460 U.S. 730, 742 (1983). In his determination of whether probable cause exists, the magistrate may interpret the probable cause affidavit in a non-technical, common-sense manner and he may draw reasonable inferences from it. *Illinois v. Gates*, 462 U.S. at 235-38; *Hankins v. State*, 132 S.W.3d 380, 388 (Tex.Crim.App. 2004).

The duty of a reviewing court, including a reviewing trial court, is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. at 238.[10] This "substantial basis" standard of review "does not mean the reviewing court should be a rubber stamp but does mean that the magistrate's decision should carry the day in doubtful or marginal cases, even if the reviewing court might reach a different result upon de novo review." W.

---

[9] The Fourth Amendment was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Wolf v. Colorado*, 338 U.S. 25, 27-28 (1949).

[10] Deference to the magistrate's determination of probable cause "encourage[s] police officers to use the warrant process rather than making a warrantless search and later attempting to justify their actions by invoking some exception to the warrant requirement." *Rodriguez v. State*, 232 S.W.3d 55, 59-60 (Tex.Crim.App. 2007).

LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.7(c) at 452 (4th ed. 2004 & Supp. 2009-2010) (internal punctuation omitted) (citing cases).

From the four corners of Farkas's probable cause affidavit, the magistrate could directly find the following facts: (1) Farkas was a longtime peace officer with extensive training and experience in narcotics investigations. (2) Farkas, in the course of his career, had observed marihuana and other illegal drugs. (3) In February 2007, Farkas received an anonymous tip regarding "narcotics activity," on an unspecified date, at the Ramona Circle residence. (4) The anonymous informer also told Farkas that he "had observed a quantity of cocaine inside the [Ramona Circle] residence in the past." (5) The informer gave several details about Flores and the Ramona Circle residence that were later corroborated in whole or in part. (6) On March 1, 2007, Farkas found residue, which field-tested positive for marihuana, in a garbage can located on the street directly in front of the Ramona Circle residence. (7) On March 5, 2007, Farkas found what he believed to be marihuana stems, seeds, and residue in a garbage can located on the street directly in front of the Ramona Circle residence.

Given what the magistrate could find directly from Farkas's affidavit, the magistrate could also reasonably infer the following additional facts: (1) The anonymous informer had some familiarity with Flores and his affairs. (2) The items that Farkas found in the garbage can on March 5, 2007, were in fact marihuana stems, seeds, and residue. (3) The garbage can in question was from the Ramona Circle residence and not from a neighboring residence. (4) The marihuana residue in the garbage can on March 1, 2007, and on March 5, 2007, originated from the Ramona Circle residence and not from a neighbor or passer-by. The magistrate could reasonably draw that last inference because, under the "doctrine of chances," it was objectively unlikely that a person or persons unconnected to the Ramona Circle residence would have placed marihuana in that

residence's garbage can twice within a five-day period. *See De La Paz v. State*, 279 S.W.3d 336, 347-48 (Tex.Crim.App. 2009) (discussing the "doctrine of chances"); E. Imwinkelried, *Uncharged Misconduct Evidence* § 5:28 (2009) (same).

Finally, given that the magistrate could reasonably infer that the anonymous informer had some familiarity with Flores and his affairs, the magistrate could reasonably conclude that the informer's tip regarding illegal drugs at the Ramona Circle residence, although perhaps insufficient in itself to establish probable cause to search, was nevertheless a circumstance to be considered, along with all of the other circumstances, in the determination of whether probable cause existed. *See* W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 3.3(f) at 193-94 (4th ed. 2004) (although informer's tip standing alone might be insufficient to establish probable cause, magistrate may consider that tip along with other circumstances) (citing cases).

In view of the foregoing, we hold that the magistrate had a substantial basis for concluding that probable cause existed, i.e., that there was at least a fair probability or substantial chance that marihuana would be found at the Ramona Circle residence on March 7, 2007. We affirm the judgment of the court of appeals.


DELIVERED MAY 19, 2010

PUBLISH