

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00028-CR

TRAVIS CHRIS GRAY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Travis Chris Gray appeals his conviction for possession of four or more but less than two hundred grams of cocaine. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(d), 481.115(a), (d) (West 2010). He contends in one point that the evidence of cocaine found in plain view during a search pursuant to a warrant should have been suppressed because the supporting affidavit failed to

---

[1]*See* Tex. R. App. P. 47.4.

provide facts establishing probable cause that evidence was located at the place listed in the affidavit.  *See* Tex. Code Crim. Proc. Ann. art. 18.01 (West Supp. 2010).  We affirm.

## Background Facts

Police officers arrested appellant after they seized cocaine found in plain view while searching his house for evidence that he had kidnapped, assaulted, and battered his ex-girlfriend.  Because appellant challenges the sufficiency of the search warrant affidavit to show probable cause that evidence of these crimes would be found at his house, we provide the facts as stated in the affidavit.

Appellant's ex-girlfriend called the police with her cell phone from a McDonald's restaurant, where appellant had taken her.  By the time the police arrived, appellant was gone.  The police took photographs showing that the complainant had two black eyes and bruises on her head, face, and body.  The police completed a family violence packet and gave the dispute a report number, which was subsequently assigned to Detective M.D. Green.

Three days later, appellant's ex-girlfriend gave Detective Green a recorded statement.  Detective Green observed swelling and bruising on her arms and neck; the complainant also told Detective Green that she had sustained injuries to her arms, which bled.

2

In the affidavit, Detective Green states that appellant had pulled the complainant out of a friend's car in which she had been riding, had handcuffed her arms behind her back, and had forced her into his car. In his car, he placed the child safety lock on so that she could not escape. Appellant drove to a friend's house, grabbed a hammer from the garage, and struck her with the wooden handle. After driving to a deserted area, he also struck her with his fist, and he kicked her several times in the side.

Appellant then drove his ex-girlfriend to his house. Before taking her inside, he threw the hammer handle in the common area of his duplex's yard. Appellant kept her in his house overnight. The affidavit states "[t]hat the following day [appellant] uncuffed [her] and drove her to the McDonald[']s to get her something to eat," which is where she called the police. The police did not find appellant at the McDonald's.

The affidavit also states that Detective Green, accompanied by another detective, went to appellant's address, and they found the wooden hammer handle in plain view in the yard.

The affidavit asked for a warrant to search appellant's residence for the following items: (1) handcuffs, (2) blood or other biological evidence, (3) hair, fibers, fingerprints, or other trace evidence, and (4) any other evidence of an aggravated kidnapping offense. After reviewing the foregoing allegations in the affidavit, the magistrate issued a warrant to search appellant's residence for the

3

items listed in the affidavit.  Officers executed the warrant, but instead of finding evidence associated with the alleged kidnapping, except for a handcuffs key, they seized cocaine that was in plain view.

At trial, appellant objected to the validity of the search, challenging the sufficiency of the affidavit to show probable cause that evidence of the alleged aggravated kidnapping was at his residence.  The court reviewed the affidavit, overruled appellant's objection, and admitted the evidence about the cocaine.

**Standard of Review**

The Fourth Amendment to the United States Constitution requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  Under article 18.01 of the code of criminal procedure, a search warrant may be obtained from a magistrate only after submission of an affidavit setting forth substantial facts establishing probable cause.  Tex. Code Crim. Proc. Ann. art. 18.01(b).

Probable cause exists if, under the totality of the circumstances set forth in the affidavit before the magistrate, there is a "fair probability" that contraband or evidence of a crime will be found in a particular place at the time the warrant is issued.  *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983); *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).  The magistrate may interpret the affidavit in a nontechnical, common-sense manner and may draw

4

reasonable inferences from the facts and circumstances contained within its four corners. *Flores*, 319 S.W.3d at 702; *Cassias v. State,* 719 S.W.2d 585, 587–88 (Tex. Crim. App. 1986) (op. on rehg). In *United States v. Ventresca*, the Supreme Court described the flexibility that should be accorded to magistrates:

> These decisions reflect the recognition that the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.
>
> This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based. Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

380 U.S. 102, 108–09, 85 S. Ct. 741, 746 (1965) (citation omitted). Reviewing courts give great deference to a magistrate's determination of probable cause. *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331; *Rodriguez v. State*, 232 S.W.3d 55, 59–60 (Tex. Crim. App. 2007). "[T]he duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238–39, 103 S. Ct. at 2332 (internal quotations omitted).

## Analysis

In reviewing the sufficiency of the affidavit's showing of probable cause, we consider whether the affidavit established probable cause for any one of the four items listed in it. *See Ramos v. State*, 934 S.W.2d 358, 363 (Tex. Crim. App. 1996) (explaining the rule of severability by which invalid portions of a warrant are severable from valid portions) *cert. denied*, 520 U.S. 1198 (1997).

Handcuffs were the first items listed in the affidavit. The affidavit stated that appellant handcuffed his ex-girlfriend in the car and kept her in the handcuffs throughout the night at his house. He uncuffed her the next day and took her to a McDonald's. Appellant contends that the affidavit failed to establish probable cause that the handcuffs would be found at his house because it did not indicate where the handcuffs were left upon removal; appellant argues that they could have been taken off and left in his car rather than his house. Although the affidavit does not expressly state that appellant and the complainant were still at

6

his house when he removed the handcuffs, it is just as reasonable to infer that they were in the house as in the car. *See Rodriguez*, 232 S.W.3d at 64 ("It is not necessary to delve into all of the facts that were omitted by the affiant, facts that could have been included in the affidavit, or contrary inferences that could have been made by the magistrate."). We conclude that the affidavit provides sufficient evidence to show probable cause that handcuffs would be found at appellant's home.

Even had there not been sufficient evidence to show probable cause regarding the handcuffs, the affidavit contains sufficient facts to warrant a reasonable inference that the second and third items would be found at the house, given the forceful nature of the kidnapping and detainment of appellant's ex-girlfriend as outlined in the affidavit. According to the affidavit, appellant physically battered her, causing her to bleed on her arms and sustain various other injuries on her body. The affidavit also states that appellant held her captive in handcuffs in his house throughout the night. Based on the foregoing facts, we hold that it is a reasonable inference from the facts in the affidavit that blood, hair, fibers, fingerprints, or other evidence of the complainant's injuries probably could be found at appellant's house. *See State v. Duncan*, 72 S.W.3d 803, 807–08 (Tex. App.—Fort Worth 2002, pet. dism'd) (holding it could be reasonably inferred that videotape and pictures of sexual activity would be found at appellant's house given intimate nature of sexual activity and fact that he

recorded it with hidden cameras); *see also Wamsley v. State*, No. 02-06-00089-CR, 2008 WL 706610, at *18 (Tex. App.—Fort Worth Mar. 13, 2008, pet. ref'd) (mem. op., not designated for publication) (holding magistrate could reasonably infer from affidavit that blood would be found in car used by murderers because there was blood at crime scene and it was likely that murderers got blood on themselves).

Giving deference to the magistrate's decision to issue the search warrant, and applying the applicable law to the facts in this case, we conclude that the affidavit provided the magistrate with probable cause necessary for the issuance of a search warrant of appellant's house. *See Gates*, 462 U.S. at 236, 103 S. Ct. at 2331; *Rodriguez*, 232 S.W.3d at 59–60; *see also Duncan*, 72 S.W.3d at 806. Accordingly, we overrule appellant's sole point.

## Conclusion

Having overruled appellant's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 27, 2011