02-11-028-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00028-CR

 

 


 
 
 Travis Chris Gray
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM Criminal
District Court No. 4 OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Travis Chris Gray appeals his conviction for possession of four or more but
less than two hundred grams of cocaine.  See Tex. Health & Safety
Code Ann. §§ 481.102(3)(d), 481.115(a), (d) (West 2010).  He contends in one
point that the evidence of cocaine found in plain view during a search pursuant
to a warrant should have been suppressed because the supporting affidavit
failed to provide facts establishing probable cause that evidence was located
at the place listed in the affidavit.  See Tex. Code Crim. Proc. Ann.
art. 18.01 (West Supp. 2010).  We affirm.

Background
Facts

          Police
officers arrested appellant after they seized cocaine found in plain view while
searching his house for evidence that he had kidnapped, assaulted, and battered
his ex-girlfriend.  Because appellant challenges the sufficiency of the search
warrant affidavit to show probable cause that evidence of these crimes would be
found at his house, we provide the facts as stated in the affidavit.

          Appellant’s
ex-girlfriend called the police with her cell phone from a McDonald’s
restaurant, where appellant had taken her.  By the time the police arrived,
appellant was gone.  The police took photographs showing that the complainant
had two black eyes and bruises on her head, face, and body.  The police
completed a family violence packet and gave the dispute a report number, which
was subsequently assigned to Detective M.D. Green.

          Three
days later, appellant’s ex-girlfriend gave Detective Green a recorded
statement.  Detective Green observed swelling and bruising on her arms and
neck; the complainant also told Detective Green that she had sustained injuries
to her arms, which bled.

          In
the affidavit, Detective Green states that appellant had pulled the complainant
out of a friend’s car in which she had been riding, had handcuffed her arms
behind her back, and had forced her into his car.  In his car, he placed the
child safety lock on so that she could not escape.  Appellant drove to a
friend's house, grabbed a hammer from the garage, and struck her with the
wooden handle.  After driving to a deserted area, he also struck her with his
fist, and he kicked her several times in the side.

          Appellant
then drove his ex-girlfriend to his house.  Before taking her inside, he threw
the hammer handle in the common area of his duplex’s yard.  Appellant kept her
in his house overnight.  The affidavit states “[t]hat the following day
[appellant] uncuffed [her] and drove her to the McDonald[’]s to get her
something to eat,” which is where she called the police.  The police did not
find appellant at the McDonald’s.

          The
affidavit also states that Detective Green, accompanied by another detective,
went to appellant’s address, and they found the wooden hammer handle in plain
view in the yard.

          The
affidavit asked for a warrant to search appellant’s residence for the following
items: (1) handcuffs, (2) blood or other biological evidence, (3) hair, fibers,
fingerprints, or other trace evidence, and (4) any other evidence of an aggravated
kidnapping offense.  After reviewing the foregoing allegations in the
affidavit, the magistrate issued a warrant to search appellant’s residence for
the items listed in the affidavit.  Officers executed the warrant, but instead
of finding evidence associated with the alleged kidnapping, except for a
handcuffs key, they seized cocaine that was in plain view.

          At
trial, appellant objected to the validity of the search, challenging the
sufficiency of the affidavit to show probable cause that evidence of the
alleged aggravated kidnapping was at his residence.  The court reviewed the
affidavit, overruled appellant’s objection, and admitted the evidence about the
cocaine.

Standard
of Review 

          The
Fourth Amendment to the United States Constitution requires that “no Warrants
shall issue, but upon probable cause, supported by Oath or affirmation, and
particularly describing the place to be searched, and the persons or things to
be seized.”  U.S. Const. amend. IV.  Under article 18.01 of the code of criminal
procedure, a search warrant may be obtained from a magistrate only after
submission of an affidavit setting forth substantial facts establishing
probable cause.  Tex. Code Crim. Proc. Ann. art. 18.01(b).

          Probable
cause exists if, under the totality of the circumstances set forth in the affidavit
before the magistrate, there is a “fair probability” that contraband or
evidence of a crime will be found in a particular place at the time the warrant
is issued.  Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332
(1983); Flores v. State, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). 
The magistrate may interpret the affidavit in a nontechnical, common-sense
manner and may draw reasonable inferences from the facts and circumstances
contained within its four corners.  Flores, 319 S.W.3d at 702; Cassias
v. State, 719 S.W.2d 585, 587–88 (Tex. Crim. App. 1986) (op. on
rehg).  In United States v. Ventresca, the Supreme Court described the
flexibility that should be accorded to magistrates:

          These
decisions reflect the recognition that the Fourth Amendment’s commands, like
all constitutional requirements, are practical and not abstract.  If the
teachings of the Court’s cases are to be followed and the constitutional policy
served, affidavits for search warrants, such as the one involved here, must be tested
and interpreted by magistrates and courts in a commonsense and realistic
fashion.  They are normally drafted by nonlawyers in the midst and haste of a
criminal investigation.  Technical requirements of elaborate specificity once
exacted under common law pleadings have no proper place in this area.  A
grudging or negative attitude by reviewing courts toward warrants will tend to
discourage police officers from submitting their evidence to a judicial officer
before acting. 

 

          This is not
to say that probable cause can be made out by affidavits which are purely conclusory,
stating only the affiant’s or an informer’s belief that probable cause exists
without detailing any of the ‘underlying circumstances’ upon which that belief
is based.  Recital of some of the underlying circumstances in the affidavit is
essential if the magistrate is to perform his detached function and not serve
merely as a rubber stamp for the police.  However, where these circumstances
are detailed, where reason for crediting the source of the information is
given, and when a magistrate has found probable cause, the courts should not
invalidate the warrant by interpreting the affidavit in a hypertechnical,
rather than a commonsense, manner.  Although in a particular case it may not be
easy to determine when an affidavit demonstrates the existence of probable
cause, the resolution of doubtful or marginal cases in this area should be
largely determined by the preference to be accorded to warrants.

380
U.S. 102, 108–09, 85 S. Ct. 741, 746 (1965) (citation omitted).  Reviewing
courts give great deference to a magistrate’s determination of probable cause. 
Gates, 462 U.S. at 236, 103 S. Ct. at 2331; Rodriguez v. State,
232 S.W.3d 55, 59–60 (Tex. Crim. App. 2007).  “[T]he duty of the reviewing
court is simply to ensure that the magistrate had a substantial basis for
concluding that probable cause existed.”  Gates, 462 U.S. at 238–39, 103
S. Ct. at 2332 (internal quotations omitted).

Analysis

          In
reviewing the sufficiency of the affidavit’s showing of probable cause, we
consider whether the affidavit established probable cause for any one of the
four items listed in it.  See Ramos v. State, 934 S.W.2d 358, 363 (Tex.
Crim. App. 1996) (explaining the rule of severability by which invalid portions
of a warrant are severable from valid portions) cert. denied, 520 U.S.
1198 (1997).

          Handcuffs
were the first items listed in the affidavit.  The affidavit stated that
appellant handcuffed his ex-girlfriend in the car and kept her in the handcuffs
throughout the night at his house.  He uncuffed her the next day and took her
to a McDonald’s.  Appellant contends that the affidavit failed to establish
probable cause that the handcuffs would be found at his house because it did
not indicate where the handcuffs were left upon removal; appellant argues that
they could have been taken off and left in his car rather than his house. 
Although the affidavit does not expressly state that appellant and the
complainant were still at his house when he removed the handcuffs, it is just
as reasonable to infer that they were in the house as in the car.  See
Rodriguez, 232 S.W.3d at 64 (“It is not necessary to delve into all of the
facts that were omitted by the affiant, facts that could have been included in
the affidavit, or contrary inferences that could have been made by the
magistrate.”).  We conclude that the affidavit provides sufficient evidence to
show probable cause that handcuffs would be found at appellant’s home.

          Even
had there not been sufficient evidence to show probable cause regarding the
handcuffs, the affidavit contains sufficient facts to warrant a reasonable
inference that the second and third items would be found at the house, given
the forceful nature of the kidnapping and detainment of appellant’s ex-girlfriend
as outlined in the affidavit.  According to the affidavit, appellant physically
battered her, causing her to bleed on her arms and sustain various other
injuries on her body.  The affidavit also states that appellant held her
captive in handcuffs in his house throughout the night.  Based on the foregoing
facts, we hold that it is a reasonable inference from the facts in the
affidavit that blood, hair, fibers, fingerprints, or other evidence of the
complainant’s injuries probably could be found at appellant’s house.  See
State v. Duncan, 72 S.W.3d 803, 807–08 (Tex. App.—Fort Worth 2002, pet.
dism’d) (holding it could be reasonably inferred that videotape and pictures of
sexual activity would be found at appellant’s house given intimate nature of
sexual activity and fact that he recorded it with hidden cameras); see also
Wamsley v. State, No. 02-06-00089-CR, 2008 WL 706610, at *18 (Tex.
App.—Fort Worth Mar. 13, 2008, pet. ref’d) (mem. op., not designated for
publication) (holding magistrate could reasonably infer from affidavit that
blood would be found in car used by murderers because there was blood at crime
scene and it was likely that murderers got blood on themselves).

          Giving
deference to the magistrate’s decision to issue the search warrant, and applying
the applicable law to the facts in this case, we conclude that the affidavit
provided the magistrate with probable cause necessary for the issuance of a
search warrant of appellant’s house.  See Gates, 462 U.S. at 236,
103 S. Ct. at 2331; Rodriguez, 232 S.W.3d at 59–60; see also Duncan,
72 S.W.3d at 806.  Accordingly, we overrule appellant’s sole point.

Conclusion

          Having
overruled appellant’s sole point, we affirm the trial court’s judgment.

          

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; WALKER and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 27, 2011









[1]See Tex. R. App. P. 47.4.