# NOS. 12-12-00250-CR
# 12-12-00251-CR
# 12-12-00252-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOEY T. GIVENS,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Joey T. Givens appeals his conviction for three counts of possession of a controlled substance. In three issues, Appellant argues that the trial court erred in overruling his motion to suppress evidence. We affirm.

### BACKGROUND

Kenny Collard, an officer with the Gun Barrel City Police Department, had received information that Appellant was involved in the manufacture and distribution of controlled substances. He was investigating those reports on May 14, 2009, and he watched Appellant leave his residence in a vehicle and drive to a house. Outside that house, Collard watched as an individual got into Appellant's vehicle, remained for several minutes, and then exited the vehicle. Collard followed Appellant after that interaction, but discontinued the surveillance when Appellant entered a neighborhood where Collard could not easily follow him. Appellant stayed only a short time, and Collard again followed him. Collard observed Appellant fail to signal several lane changes, and he

asked a uniformed officer to stop Appellant's vehicle.

The officers stopped Appellant, removed him from his vehicle, and placed him in a police vehicle. Appellant was moving around in the vehicle, and so they removed him from the vehicle. One officer placed Appellant face down on the ground, and then the two of them unintentionally rolled down a small hill on the side of the road. While rolling down the hill, the officer saw a small plastic bag in Appellant's hand. The bag was under Appellant's body when the two came to rest at the bottom of the hill. The contents of the bag was later tested, and it was determined that the bag contained more than four grams of crack cocaine. One officer testified that the crack cocaine was wet, although another officer testified that it did not appear to be wet.

Following the incident on the hill, the officers obtained a search warrant for Appellant's residence. The officers executed the warrant the same day and discovered more than four grams of crack cocaine in Appellant's residence. The officers then obtained an arrest warrant based on the cocaine found in the residence. When the officers arrested Appellant on that warrant on June 3, 2009, Appellant ran from them. As he ran, Appellant dropped two small plastic bags that were later determined to contain cocaine.

Appellant was indicted in three separate cases for delivery of a controlled substance and for possession of a controlled substance. The three cases correspond to the three times the police recovered crack cocaine from Appellant, specifically, the initial traffic stop, the search of his residence, and the service of the arrest warrant. Appellant filed a motion to suppress the evidence arguing that the recovery of the controlled substances in each instance was illegal. The trial court held a hearing on Appellant's motion and overruled it. The parties then entered into a plea agreement in which the State agreed to dismiss the more serious delivery charges in exchange for Appellant's plea of guilty to the possession charge in each of the three cases. The trial court accepted the plea agreement and sentenced Appellant to imprisonment for fifteen years in one case. In the other two cases, the trial court deferred a finding of guilt and placed Appellant on community supervision for a period of ten years. This appeal followed.

## MOTION TO SUPPRESS

In his three issues, Appellant argues that the trial court should have granted his motion to suppress. In his first issue, Appellant argues that the traffic stop was illegal because the officers

2

lacked probable cause to stop him. In his second and third issues, Appellant argues that the affidavit in support of the search warrant was inadequate. Accordingly, he asserts, both the search of his residence and his subsequent arrest were illegal.

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Rocha v. State*, 16 S.W.3d 1, 12 (Tex. Crim. App. 2000), *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We must view the evidence in the light most favorable to the trial court's ruling and afford almost total deference to a trial court's determination of historical facts. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006); *Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006). We do not engage in our own factual review; we determine only whether the record supports the trial court's ruling. *See Rocha*, 16 S.W.3d at 12. Where the trial court does not make explicit findings of fact, we review the evidence in a light most favorable to the trial court's rulings, and assume the trial court made implicit findings of fact supporting its ruling. *Carmouche v. State*, 10 S.W.3d 323, 327–28 (Tex. Crim. App. 2000).

## Analysis–Traffic Stop

Appellant concedes that a police officer may stop and detain a motorist who commits a traffic violation within the officer's view. *See Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In addition, an officer may conduct a temporary detention if the officer has reasonable suspicion to believe that a person is violating the law. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion is dependent upon both the content of the information possessed by the police and its degree of reliability. *See Alabama v. White*, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416-17, 110 L. Ed. 2d 301 (1990); *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).

Appellant also concedes that it is necessary to signal an intention to change lanes. *See* TEX. TRANSP. CODE ANN. § 545.104(a) (West 2011). He argues that the traffic stop was nevertheless invalid because he did not commit a traffic offense. He asserts that the first lane change was lawful because the officer testified that Appellant began to signal as he began to change lanes. He asserts that the officer could not have seen the second lane change because the officer testified that he was more than a hundred yards away from Appellant's vehicle and the sun was shining from behind him at the time of the second lane change. An analysis of the second lane change presents a straightforward

assessment of whether the officer's stated observation was possible and whether his testimony was credible. We defer to the trial court's assessment of the facts, and the trial court's determination that Appellant committed a traffic violation is a reasonable conclusion under the circumstances. We overrule Appellant's first issue.

**Analysis–Search Warrant**

In his second issue, Appellant argues that the search warrant was invalid because it failed to state facts with adequate particularity for the reviewing magistrate to conclude that the officers had probable cause to believe that controlled substances were at his residence. Accordingly, Appellant argues that the fruits of the search, the controlled substances found in his residence, should have been excluded from evidence.

A search warrant is a written order, issued by a magistrate and directed to a peace officer, commanding him to search for any property or thing and to seize the same and bring it before the magistrate. TEX. CODE CRIM. PROC. ANN. art. 18.01 (West Supp. 2012). A search warrant must be supported by probable cause, and the facts supporting probable cause must be included in an affidavit that sets forth facts establishing that (1) a specific offense has been committed, (2) the item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense, and (3) the item is located at or on the person, place, or thing to be searched. *Id*. art. 18.01(c) (West Supp. 2012). Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a "fair probability" or "substantial chance" that contraband or evidence of a crime will be found at the specified location. *See Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (citing *Illinois v. Gates*, 462 U.S. 213, 238, 243 n.13, 103 S. Ct. 2317, 2335 n.13, 76 L. Ed. 2d 527 (1983)).

When reviewing whether a search warrant is supported by probable cause either in a motion to suppress or on appeal, the question is whether the affidavit itself provides a substantial basis to conclude that probable cause existed. *See Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004). This is called the four corners rule because review of whether there was probable cause to support an arrest or a search warrant is limited to the four corners of the affidavit. *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004) (citing *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992)).

The search warrant affidavit contained a summary of the investigation of Appellant. The

4

affiant recounted that officers observed Appellant drive from his residence in Malakoff, Texas, to another residence, conduct that the officer believed to be a drug deal, and then travel to another location and stay a short period of time. He also related that confidential informants had given him information that Appellant was trafficking in crack cocaine. He also told the court that crack cocaine was recovered when Appellant was arrested on May 14, 2009. Finally, the officer discussed the fact that the crack cocaine appeared to be wet, which meant, based on his experience, that it could have just been processed, and that a "reliable and credible" informant had told him that Appellant "cooks" crack cocaine in his residence.

Appellant argues that the search warrant affidavit does not permit the conclusion that controlled substances were in his residence. Specifically, he asserts that the timing of the report that Appellant was in the drug trade was not supplied, the context and a basis to believe the confidential informant who stated that Appellant processed crack cocaine at his home was lacking, and the officer's supposition that Appellant was selling controlled substances was not the only conclusion to be drawn from Appellant's activities.

Appellant is correct to assert that the affidavit lacks detail about the information provided by a confidential informant. When considering the credibility of a confidential informant, the trial court may consider (1) whether the informant presented first hand observations, (2) the degree of detail provided by the informant, (3) whether reasonable corroboration of the informant's statements existed, and (4) whether the informant testified at the probable cause hearing. *See*, *e.g.*, **State v. Ozuna**, 88 S.W.3d 307, 310 (Tex. App.–San Antonio 2002, pet. ref'd); *see also* **Illinois v. Gates**, 462 U.S. 213, 229, 103 S. Ct. 2317, 2327, 76 L. Ed. 2d 527 (1983). None of this information was provided about the informant in this case. Similarly, there was no information about the report that Appellant was engaged in the drug trade, and Appellant's activity, specifically, driving to locations and having short interactions with other people, could be subject to differing interpretations.

However, when this information is combined with the fact that the police arrested Appellant with freshly produced crack cocaine, the cloudy inferences to be drawn from the other facts clear to reveal a stronger conclusion that there was probable cause to conclude that controlled substances were located in Appellant's residence. In this way, this case is similar to the recent decision of the court of criminal appeals in **Flores v. State**, 319 S.W.3d 697 (Tex. Crim. App. 2010). In **Flores**, the police received a tip that the defendant had controlled substances at his home. *Id*. at 703. The tip

5

was from an anonymous source who had observed marihuana residue in the trash placed outside the defendant's residence. *Id*. The police officer corroborated this information by checking the trash himself and observing marihuana residue. *Id*.

As in this case, the tip given to the police was insufficient by itself to support a finding of probable cause. *Id*. But a finding of probable cause need not be individually supported by each piece of information in the affidavit. Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a "fair probability" or "substantial chance" that contraband or evidence of a crime will be found at the specified location. *See Gates*, 462 U.S. at 238, 243 n.13, 103 S. Ct. at 2332, 2335 n.13. Probable cause for a search warrant does not require that, more likely than not, the item or items in question will be found at the specified location. *Texas v. Brown*, 460 U.S. 730, 742, 103 S. Ct. 1535, 1543, 75 L. Ed. 2d 502 (1983). In his determination of whether probable cause exists, the magistrate may interpret the probable cause affidavit in a nontechnical, common-sense manner, and he may draw reasonable inferences from it. *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004).

As in *Flores*, the sum of the information provided to the magistrate was sufficient to support a finding of probable cause. Because no information about the informant's credibility was provided, other than a bare assertion that he was credible, that information is like an anonymous tip. The officer corroborated that tip by watching Appellant engage in what looked like controlled substance deliveries and by finding freshly manufactured controlled substances on his person. His trip that day had originated at his residence, and, under all the circumstances, a reasonable magistrate could conclude that there was a fair probability or substantial chance that additional controlled substances were at Appellant's residence. Accordingly, we overrule Appellant's second issue.

In Appellant's third issue, he asserts that the arrest warrant is invalid because the traffic stop was illegal, because the search of the residence was based on a faulty search warrant, and because he did not voluntarily surrender the drugs when he was arrested on the warrant. We have held that the trial court did not err in finding that the initial traffic stop was legal and that the search warrant affidavit provided probable cause. Accordingly, we hold that the trial court did not err in overruling Appellant's motion to suppress evidence obtained during the execution of the arrest warrant. We overrule Appellant's third issue.

6

<u>**DISPOSITION**</u>

Having overruled Appellant's three issues, we ***affirm*** the judgment of the trial court.


<u>**BRIAN HOYLE**</u>
Justice


Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

**NOS. 12-12-00250-CR**

**12-12-00251-CR**

**12-12-00252-CR**

**JOEY T. GIVENS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd Judicial District Court
of Henderson County, Texas. (Tr.Ct.Nos. C-17,161; C-17,163; C-18,696

THESE CAUSES came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there were no errors in the judgments.

It is therefore ORDERED, ADJUDGED and DECREED that the judgments of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*