**Opinion filed January 8, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00056-CR

_____

## GORDON STANLEY BLOCKER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 9**

**Tarrant County, Texas**

**Trial Court Cause No. 1266266**

## M E M O R A N D U M   O P I N I O N

Gordon Stanley Blocker pleaded guilty to driving while intoxicated (DWI).[1] The trial court assessed punishment at confinement for ninety days and also assessed a $500 fine, but the court suspended Appellant's confinement and placed

---

[1]TEX. PENAL CODE ANN. § 49.04 (West Supp. 2014).

him on community supervision for one year. Appellant challenges the trial court's denial of his motion to suppress blood-draw evidence. We affirm.

I. *The Charged Offense*

The State charged Appellant by information with the offense of DWI. A person commits the offense of DWI, a Class B misdemeanor, if he is "intoxicated while operating a motor vehicle in a public place." PENAL § 49.04. A Class B misdemeanor is punishable by confinement in jail for a term not to exceed 180 days and by a fine not to exceed $2,000. *Id.* § 12.22 (West 2011).

II. *Background Facts and Procedural History*

Patrick Kyle Truly, a patrol officer with the Hurst Police Department, testified at a pretrial hearing that he received a dispatch to go to a parking lot in the 600 block of East Hurst Boulevard to respond to a report of a hit-and-run accident. The original accident occurred in the 100 block of Hurstview Drive.

Officer Truly testified that he arrived at the scene and spoke with Officer Hull, who was already there. Officer Truly discovered that Appellant was the driver of one of the vehicles at the scene. Officer Hull informed Officer Truly that Appellant said that he did not realize he had been in an accident and that Appellant was "swaying," "appeared to be off-balance," and "had watery eyes." Officer Truly testified that, in his experience, those were signs of intoxication. Officer Truly spoke with Appellant, and during that conversation, Appellant was "stumbling," "appeared to have difficulty standing straight," had slurred speech, was "thick-tongued," and said that he was "driving from . . . Grapevine to a hotel in Hurst." Officer Truly said that Appellant was headed in the wrong direction to get to the hotel and was unsure of his location.

Officer Truly administered standardized field sobriety tests to Appellant. Appellant showed six clues out of eight on the "horizontal gaze nystagmus" test, seven clues out of eight on the "walk and turn" test, and two clues out of four on

2

the "one leg stand" test. Appellant's demeanor and his performance on the standardized field sobriety tests gave Officer Truly probable cause to arrest Appellant for DWI; he arrested Appellant and took him to the Hurst jail. While at the jail, Appellant agreed to take a breath test. The breath test results reflected that Appellant had a blood alcohol concentration of 0.029 and 0.026. Officer Truly obtained a search warrant to draw blood from Appellant, and a sample of Appellant's blood was taken. Appellant moved to suppress the blood-test evidence, and the trial court denied the motion. Appellant pleaded guilty and now appeals the trial court's denial of that motion.

### III. *Issue Presented*

Appellant challenges the trial court's denial of his motion to suppress evidence because he claims that the affidavit to obtain the search warrant for a blood draw failed to show probable cause.

### IV. *Standard of Review*

We examine the totality of the circumstances to determine whether facts alleged in a probable cause affidavit sufficiently support a search warrant. *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983). We will interpret the affidavit in a common-sense, rather than hyper-technical, manner. *Id.* at 236. We accord great deference to the magistrate, who may draw reasonable inferences from the facts and circumstances alleged, and will uphold the magistrate's probable cause determination if he "had a 'substantial basis for . . . conclud[ing],' that a search would uncover evidence of wrongdoing." *Id.* at 236 (alterations in original) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). But probable cause is not shown where the magistrate has drawn too many inferences and the basis for the affidavit is tenuous instead of substantial. *Davis v. State*, 202 S.W.3d 149, 157 (Tex. Crim. App. 2006).

V. *Analysis*

Police may draw a DWI suspect's blood for investigation when they obtain a search warrant based on an affidavit that presents facts that establish probable cause. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 18.01(b), (j) (West Supp. 2014); *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002). Facts establish probable cause if they show that a "fair probability" or "substantial chance" exists that contraband or evidence of a crime will be found at the specified location. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (quoting *Gates*, 462 U.S. at 238, 243 n.13). The magistrate uses the totality of the facts and circumstances in the affidavit to determine whether probable cause exists. *Id.* (citing *Gates*, 462 U.S. at 238).

Appellant complains that Officer Truly's affidavit does not show probable cause that Appellant had operated a motor vehicle, that his physical condition was due to the introduction of prohibited substances, and that he had refused a blood test. The probable cause affidavit, which was prepared by Officer Truly, provided in part:

> 5. . . . Defendant was driving southbound in the 100 block of Hurstview Drive when defendant's vehicle was involved in an accident with a parked vehicle at a garage sale. Defendant continued southbound then turned eastbound onto West Hurst Blvd. (400 West Hurst Blvd). The victim then began following defendant until the defendant stopped in a parking lot at 600 East Hurst Blvd.
>
> Officer Hull #647 arrived on scene first and advised the defendant stated he did not realize he was involved in an accident. Defendant was swaying, appeared off-balanced and had watery eyes. He appeared to have difficulty comprehending an accident occurred and that there was any damage to his vehicle.
>
> I spoke with defendant on scene. Defendant was stumbling and appeared to have difficulty standing straight. His speech was slurred and was thick-tongued. Defendant advised he was coming from his

residence in Grapevine to a hotel in Hurst, located at 800 Thousand Oaks (going the wrong direction). Defendant was unsure what street he was on. He stated he had not consumed any alcoholic beverages and was not on any medication. He also advised he was healthy and had no medical conditions.

Due to defendant being involved in an accident and being unaware, his slurred speech, watery eyes, and off-balanced movements, I requested defendant to perform SFST's. Defendant exhibited six clues on the HGN. On the Walk and Turn, defendant had difficulty following instructions, exhibited seven clues and never fully completed the test. On the One Leg Stand, instructions were repeated multiple times and defendant again never fully completed the test.

I placed the defendant under arrest for DWI. During the interview, defendant agreed to give a sample of his breath. Results indicated a sample of 0.029 and 0.026. During the test, defendant advised he may have consumed one beverage that contained alcohol. Defendant also agreed to give a blood sample, but later refused.

. . . .

I made the following observations about the suspect:

[Under "Balance," "swaying" and "unsteady" are marked; under "Walking," "staggering" and "swaying" are marked; under "Speech," "slurred" and "thick-tongued" are marked; under "Eyes," "watering" is marked; under "Odor of Alcoholic Beverage on breath," "slight" is marked; and beside "Suspected impairment caused by:" "alcohol & drug" is marked.]

6. I have seen intoxicated persons on many occasions in the past. Based on all of the above and my experience and training, I determined that the suspect was intoxicated, and I placed the suspect under arrest for Driving While Intoxicated. I requested a sample of the suspect's breath and/or blood, which the suspect refused to provide.

Appellant complains that portions of the affidavit are conclusory and that the magistrate had to draw too many inferences to find probable cause. The magistrate makes his determination of probable cause after a review of the entire affidavit, not after a review of isolated statements. *See* CRIM. PROC. art. 18.01(b); *Flores*, 319 S.W.3d at 702. The magistrate could have found the following facts from Officer Truly's affidavit:

(1)     Officer Truly was a peace officer with the Hurst Police Department;

(2)     Appellant was the named suspect, and the Hurst Police Department had custody of him;

(3)     Officer Hull relayed to Officer Truly that Appellant was swaying, appeared off-balanced, had watery eyes, said he did not realize he was involved in an accident, and appeared to have difficulty comprehending an accident occurred and there was any damage to his vehicle;

(4)     Officer Truly spoke with Appellant and observed that he was stumbling, appeared to have difficulty standing straight, had slurred speech, and was thick-tongued;

(5)     Appellant told Officer Truly that he traveled from Grapevine to Hurst and told Officer Truly that he had not consumed any alcoholic beverages, was not on any medication, was healthy, and had no medical conditions;

(6)     Officer Truly, based on his observations of Appellant, administered standardized field sobriety tests to Appellant, and Appellant showed signs of intoxication, so Officer Truly arrested Appellant for DWI;

(7)     Appellant's breath test results were 0.029 and 0.026; and

(8)     Officer Truly requested a blood sample, and Appellant refused to give one.

*See Gates*, 462 U.S. at 236 (explaining that courts review probable cause affidavits using common sense). The magistrate also could have inferred that Officer Hull, who had spoken to Appellant, and Officer Truly, with his knowledge, training, and experience, had deduced that Appellant had operated a vehicle while intoxicated and that Appellant had caused an accident that damaged Appellant's vehicle.

6

Furthermore, the magistrate could have determined that Appellant's blood sample was evidence that would confirm Appellant's intoxication. *See id.* at 240 (explaining magistrates may make reasonable inferences from the facts and circumstances in the affidavit).

We hold that the affidavit outlined facts that showed a "fair probability" or "substantial chance" existed that Appellant's blood contained evidence of DWI. *See Flores*, 319 S.W.3d at 702. The magistrate did not err when he found probable cause based on the affidavit because the totality of the facts and circumstances outlined in the affidavit provided the magistrate with a substantial basis for concluding that a search would uncover evidence of wrongdoing. *See Gates*, 462 U.S. at 236, 238, 240. We hold that the affidavit to obtain the search warrant for a blood draw showed probable cause. Accordingly, we overrule Appellant's sole point of error.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

January 8, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7