

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BARRY FRANCIS BELLVILLE, | § | No. 08-13-00238-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court No. 3 |
| THE STATE OF TEXAS, | § | of Denton County Texas |
| Appellee. | § | (TC# CR-2012-07153-C) |

## O P I N I O N

Appellant Barry Francis Bellville was charged with possession of marijuana. He filed a motion to suppress evidence on the ground the affidavit in support of issuing a warrant to search his home failed to provide a substantial basis for finding probable cause that contraband would be found in his residence. In a single issue, he appeals the trial court's denial of his motion to suppress. We conclude the facts contained in the search warrant affidavit, coupled with the reasonable inferences from those facts, establish a fair probability that evidence of a particular crime would likely be found at Appellant's residence. Accordingly, we affirm the trial court's judgment.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

Carrollton Police Department Detective Fisher, an Investigator with the Carrollton Covert

---

[1] This appeal was transferred from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. We apply the precedent of the Second Court as required by TEX. R. APP. P. 41.3.

Investigations Unit, stated in his affidavit for a search warrant that in late April 2012 his colleague, Investigator Putman, had received information from a confidential informant that a family member of Appellant was selling marijuana from Appellant's home, that Appellant was aware of this activity, and that Appellant was also a marijuana user. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.120 (West 2010)(delivery of marijuana). Investigator Putman obtained this information from a confidential informant who had provided drug-related information to him on no less than seven prior occasions and had been reliable and correct each and every time. On this basis, Investigator Putnam believed the confidential informant's information was reliable and correct. Detective Fisher further averred that on May 7, 2012, Investigator Putnam collected and searched a trash receptacle in the alley of Appellant's residence and found marijuana stems and mail addressed to Appellant's wife. A field test confirmed the presence of marijuana. On July 26, 2012, two members of the "drug tip squad," Officers Brannagan and Zabojnik, conducted a "knock and talk" investigation and spoke with Appellant. Appellant identified the family members who lived at the residence, but denied permission to enter the home and told Officer Brannagan to obtain a search warrant. On August 21, 2012, Officer Brannagan and Detective Fisher retrieved a bag of trash abandoned in a trash can located at the rear alley of the residence. In the bag, the officers found marijuana stems and numerous marijuana seeds. The items field tested positive for marijuana.

On August 23, 2012, Detective Fisher executed in the presence of a municipal judge an affidavit seeking a search warrant to search Appellant's residence and premises and to seize marijuana and other contraband and other evidence specified in the affidavit. The magistrate found probable cause existed and issued the search warrant that same day. On August 25, 2012,

2

Officer Brannagan and five other officers executed the search warrant.

The next day, August 26, 2012, Officer Sandra Secrest prepared an affidavit requesting an arrest warrant issue for Appellant based on her belief that Appellant had committed the offense of possession of marijuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010)(possession of marijuana). Officer Secrest based her belief upon information provided to her by Officer Brannagan, who personally had participated in the investigation of Appellant and the search of his home, and whose information Officer Secrest believed to be credible. Officer Secrest's affidavit explained that Officer Brannagan and the five other officers had executed the search warrant on August 25, 2012. During the search pursuant to the warrant, two officers found marijuana and a pipe in Appellant's bedroom, and Officer Brannagan found on the kitchen table a large zip lock bag of marijuana, a marijuana pipe containing burned marijuana, and other drug paraphernalia. During an interview, Appellant stated that the marijuana found in his "room" and in the kitchen belonged to him and admitted that he smokes marijuana. Appellant also admitted that he was the primary purchaser of marijuana. The officers concluded Appellant intentionally or knowingly possessed a useable quantity of marijuana, confirmed by field tests, having a total weight of 8.2 grams without packaging. Secrest's affidavit was executed by a Denton County magistrate, who determined that probable cause existed for the issuance of the arrest warrant.

Appellant was charged by complaint and information with intentionally or knowingly possessing a useable quantity of marijuana in an amount of two ounces or less. He filed a motion to suppress both the evidence seized during the search of his home and any testimony regarding the search and seizure, on the ground the search was not conducted pursuant to a lawful search warrant in violation of his rights as established by (1) the Fourth, Fifth, Sixth, and Fourteenth Amendments

3

to the U.S. Constitution, (2) Article I, Sections 9, 10, and 19 of the Texas Constitution, and (3) Article 38.23 and Chapter 18 of the Texas Code of Criminal Procedure.  *See* U.S. CONST. amend. IV, V, VI, XIV; TEX. CONST. art. I, §§ 9, 10, 19; TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005), Ch. 18 (search warrants)(West 2005, West Supp. 2014).  The motion asserted the search warrant was "not sufficiently lawful because the affidavit . . . upon which it is based fails to establish probable cause for the issuance of the warrant [and] fails to allege sufficient underlying facts to demonstrate that there was a fair probability that contraband or evidence would be found at the location to be searched."  Appellant also alleged the search warrant was deficient "as to the time element and specific articulable facts as to be unlawful [and] the affidavit was wholly insufficient to sustain a search warrant both as to timing and lack of specific conduct."

At the suppression hearing, the trial court heard only legal arguments, and as directed by the trial court, Appellant and the State thereafter filed memoranda in support of their arguments. After the trial court denied the motion to suppress, Appellant entered a plea of *nolo contendere* to the charged offense and was placed on deferred-adjudication community supervision for a period of twelve months.

## DISCUSSION

In his sole issue, Appellant argues the trial court abused its discretion by denying his motion to suppress because the affidavit in support of the search warrant failed to provide a substantial basis for the magistrate's conclusion that a fair probability existed that controlled substances would be found in the suspected residence.

The Fourth Amendment establishes a constitutional preference that a search be conducted pursuant to a warrant.  *See* U.S. CONST., amend. IV ("The right of the people to be secure in their

4

persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."); *see Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Jones v. State*, 364 S.W.3d 854, 857 (Tex.Crim.App.), *cert. denied*, 133 S.Ct. 370 (2012); *State v. McLain,* 337 S.W.3d 268, 271 (Tex.Crim.App. 2011). This warrant provision is echoed in the Texas Constitution. TEX. CONST. art. I, § 9; *see State v. Duarte*, 389 S.W.3d 349, 354 (Tex.Crim.App. 2012) (citing *Rodriguez v. State,* 232 S.W.3d 55, 60 (Tex.Crim.App. 2007)). Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location, and the facts stated in a search warrant affidavit are "so closely related to the time of the issuance of the warrant that a finding of probable cause is justified." *McLain,* 337 S.W.3d at 272. Probable cause for a search warrant does not require that, more likely than not, the item or items in question will be found at the specified location. *Flores v. State*, 319 S.W.3d 697, 702 (Tex.Crim.App. 2010).

Typically, as in this case, the warrant process involves the presentation of an affidavit to a neutral and detached magistrate that establishes probable cause to conduct a search. *Jones*, 364 S.W.3d at 857 (citing *Gibbs v. State,* 819 S.W.2d 821, 830 (Tex.Crim.App. 1991). When the trial court determines probable cause exists to support the issuance of a search warrant, the trial court restricts its consideration to the four corners of the affidavit and makes no credibility determinations. *McLain,* 337 S.W.3d at 271. The focus of the inquiry is on the combined logical force of the facts that are presented in the affidavit and not on what other facts could or should have been included in the affidavit. *Duarte,* 389 S.W.3d at 354–55 (citing *Rodriguez,* 232 S.W.3d at

5

62).

A reviewing court applies the deferential standard of review articulated by the United States Supreme Court in *Illinois v. Gates* when reviewing a probable cause determination. *McLain,* 337 S.W.3d at 271; *Swearingen v. State,* 143 S.W.3d 808, 811 (Tex.Crim.App. 2004). It examines the supporting affidavit in "a commonsensical and realistic manner," and must uphold the magistrate's decision so long as the magistrate had a substantial basis for concluding that probable cause existed. *McLain,* 337 S.W.3d at 271; *see also Gates,* 462 U.S. at 236, 103 S.Ct. at 2331; *Flores,* 319 S.W.3d at 702. The reviewing court must recognize that a magistrate may draw reasonable inferences from the facts stated in the affidavit. *Rodriguez*, 232 S.W.3d at 61. The magistrate's decision "should carry the day in doubtful or marginal cases, even if the reviewing court might reach a different result upon *de novo* review." *Jones*, 364 S.W.3d at 857 (citing *Flores,* 319 S.W.3d at 702).

Appellant broadly complains the magistrate's probable cause determination was "based on unreasonable inferences and inconsistent with State and Federal precedence[.]" He then specifically asserts: (1) the affidavit failed to provide enough facts to permit the magistrate to reasonably infer that contraband would be found at his home because it failed to provide the basis of the informant's knowledge; and (2) the two trash runs, either alone or in combination with the informant's tip, provided an insufficient basis for the magistrate's ruling. We disagree.

When examining an informant's tip, we consider the informant's veracity, reliability, and basis of knowledge to determine the value of his assertions. *Davis v. State,* 144 S.W.3d 192, 197 (Tex.App. – Fort Worth 2004, pet. ref'd)(op. on reh'g); *see also Gates,* 462 U.S. at 233, 103 S.Ct. at 2329. In determining the overall reliability of a tip, the United States Supreme Court has held a

6

deficiency in one of these may be compensated for by a strong showing as to the other, or by some other indicia of reliability.  *Gates*, 462 U.S. at 233, 103 S.Ct. at 2329.

Confidential informants may be considered reliable tipsters if they have a successful "track record."  *Duarte*, 389 S.W.3d at 357-58.  Officer Putman stated he believed the confidential informant's information was reliable and correct in this instance because he had received drug-related information from the informant "on at least 7 prior occasions" and in each instance the informant's information was reliable and correct.  The informant's 100 percent "track record" provided a strong indicia of his or her reliability.

Additionally, the informant provided the address of the suspect residence and identified the relationship between the alleged seller and the family members who lived there, facts that were corroborated during the police officers' investigation.  The confidential informant's identification of the persons residing at the suspect residence was confirmed when officers conducted a "knock and talk" investigation at the residence, and Appellant identified to the officers the relationship between the persons living there.  The informant stated that marijuana was being sold from the suspect residence.  Although the "trash runs" did not themselves confirm that marijuana was being sold from the home, in each instance, the two "trash runs" conducted approximately three and one-half months apart resulted in positive field tests for marijuana stems and seeds collected from trash cans at the end of the driveway of the residence.  These facts permitted the magistrate to draw a reasonable inference that criminal activity related to the identified contraband (marijuana) had occurred and was ongoing at Appellant's residence, and also tended to rule out the possibility that the marijuana was placed in the trash cans by persons unconnected with Appellant's home.  *State v. York*, 404 S.W.3d 681, 684-85 (Tex.App. – Fort Worth 2013, pet.

7

ref'd)(two trash runs, one conducted a month before and other conducted days before issuance of a search warrant, allowed magistrate to infer that drug activity had been occurring at residence and had been continuing for some time, and tended to rule out possibility that someone from another location had placed drugs in the trash); *see also Rodriguez,* 232 S.W.3d at 61.

Although his staleness argument is not entirely evident, Appellant notes, "Acts attested to in an affidavit must be closely related to the time of the issuance of the search warrant so as to justify the finding of probable cause by the magistrate at the time." While this statement is accurate, the Court of Criminal Appeals has observed that time is a less important consideration when an affidavit recites observations that are consistent with ongoing drug activity at a defendant's residence. *Jones,* 364 S.W.3d at 860–61; *see McKissick v. State,* 209 S.W.3d 205, 214 (Tex.App. – Houston [1st Dist.] 2006, pet. ref'd)(when the affidavit recites facts indicating a course of conduct, the passage of time becomes less significant). That marijuana was twice confirmed to have been found in the trash cans at the residence diminishes the significance of the elapse of time between the informant's disclosure to law enforcement and the issuance of the warrant, and as discussed, permitted the magistrate to reasonably infer that ongoing criminal activity was afoot at Appellant's residence. Moreover, the second trash run, which resulted in a positive field test for marijuana and to which Detective Fisher attested in his affidavit, occurred two days before the search warrant issued. The facts set forth in the affidavit seeking a search warrant were sufficiently close in relation to the time of the issuance of the warrant to justify the magistrate's finding of probable cause.

Applying the deferential standard set out in *Gates*, we conclude the facts presented in the affidavit in support of the request for a search warrant, coupled with the reasonable inferences

8

from those facts, established a fair probability that evidence of a particular crime would likely be found at the suspect place. *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331; *McLain*, 337 S.W.3d at 271-72; *Rodriguez*, 232 S.W.3d at 62. Because the magistrate had a substantial basis for concluding that probable cause existed, we uphold the magistrate's probable cause determination and conclude the trial court did not abuse its discretion in denying Appellant's motion to suppress evidence. *McLain*, 337 S.W.3d at 271. Issue One is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


STEVEN L. HUGHES, Justice

April 15, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)