**Affirmed and Opinion Filed October 28, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-13-00251-CR
_____

### VICTOR JOEL SUAREZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F12-71456-K**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

Victor Joel Suarez appeals his conviction for aggravated assault family violence. The jury found that he used or exhibited a deadly weapon during commission of the offense and assessed punishment at fifteen years in prison. In three issues, appellant contends the trial court abused its discretion by admitting certain evidence. We affirm.

Jeremy Wolf, a paramedic with the Dallas Fire Department, was called to an apartment complex in Garland around 12:30 a.m. on June 6, 2012. Upon arrival, he found Irene Diaz and Alicia Leos in the parking lot of the complex. Diaz and appellant, who had been dating, went out the previous afternoon and were at his mother's apartment when they began arguing. Diaz tried to leave but appellant put her in a choke hold. When he released her, she again tried to leave but he bit her nose and punched her in the eye. Appellant left the apartment, and Diaz

called Leos who then called the police. In addition to the bite, Diaz suffered a broken nose and an orbital wall fracture. Appellant was arrested and charged with aggravated assault family violence.

In his first two issues, appellant claims the trial court abused its discretion by admitting three photographs taken during a warrantless search of his mother's apartment where he was staying. Under these issues, appellant argues the admission of this evidence violated his rights under the Fourth Amendment to the United States Constitution as well as Article I, section 9 of the Texas Constitution. Appellant does not argue that Article I, section 9 provides more protection than the Fourth Amendment; thus, we address his complaint under the Fourth Amendment only. *See Flores v. State*, 319 S.W.3d 697, 702 n.8 (Tex. Crim. App. 2010).

During trial, Officer Ronald Trigo said he responded to the 911 call and arrived at the parking lot while Diaz was being treated by the paramedics. According to Diaz, she and appellant got into an argument, and it "became physical." Appellant choked her, then punched her in the eye and bit her nose. Trigo described how Diaz looked that night and identified several photographs depicting her injuries. When he asked where the argument happened, Diaz gave him the apartment number. Trigo testified he went to the apartment and took photographs of the scene. He described the content of the three photographs: a slightly bloody rag on the kitchen countertop, blood dripping on a wall, and the interior of the apartment. When the State offered the photographs, appellant objected because the officers "had no authority to go in [to the apartment] and take photographs."

An objection to photographic evidence is waived if the same evidence contained in the photographs is conveyed to the jury in some other form. *Ford v. State*, 919 S.W.2d 107, 117 (Tex. Crim. App. 1996). Here, Trigo testified, without objection, to what he saw when he

entered the apartment as well as what he photographed. Because appellant did not object to Trigo's testimony, he waived any objection to the photographs. *See id*.

Even assuming the photographs were not proper evidence, we would conduct a harm analysis to determine whether the alleged error calls for reversal of the judgment. Tex. R. App. P. 44.2.(a); *see Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001) (error resulting from admission of evidence in violation of Fourth Amendment to be reviewed under rule 44.2(a)). We reverse the judgment unless we determine "beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex. R. App. P. 44.2.(a). Error does not contribute to the conviction or punishment if the jury's verdict would have been the same even if the erroneous evidence had not been admitted. *Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007).

Setting aside the complained-of photographs, the State's evidence in this case included Diaz's testimony she and appellant argued, after which he choked her, then bit her nose and punched her in the eye. The paramedics and police testified Diaz's eye was swollen shut when they arrived and she had a bite mark on her nose. The photographs of Diaz's face show the extent of her injuries, and her medical records indicate their severity. Diaz underwent surgery to repair the damage to her eye. Dr. Paul Tiwana, a maxillofacial surgeon at Parkland Hospital, diagnosed Diaz "with a fracture of her orbital walls as well as a laceration from a bite as well as a nasal fracture." According to Tiwana, it took "a substantial amount of force" to cause the injuries and that "her walls, simply, blew out from the buckling force from the injury." According to the records, her ex-boyfriend punched Diaz in the face.

On this record, we are persuaded beyond a reasonable doubt that the jury's verdict would have been the same even if the trial court had not admitted the three photographs of the apartment's interior. The State's case was straightforward and leaves us firmly convinced that in

the absence of the complained-of evidence, a reasonable jury would not have found the case significantly less persuasive. We also conclude beyond a reasonable doubt that the jury's verdict on appellant's punishment would have been the same even if the trial court had not admitted the photographs. *See Clay*, 240 S.W.3d at 905-06. We overrule appellant's first and second issues.

In his third issue, appellant contends the trial court abused its discretion by allowing Wolf to testify that Diaz told him appellant bit her and punched her in the eye.

Initially, we question whether this objection was preserved. When the State began asking Wolf how Diaz sustained her injuries, appellant objected "to any hearsay statements." The State responded that it was not hearsay under evidentiary rule 803(3). The trial court said the State could "narrow it down to the medical treatment and what she needed to tell [Wolf] in order to help her." The State then asked what Diaz said regarding "how those injuries were sustained." Wolf responded, "I asked her how she came to get those injuries and she said that her ex-boyfriend had hit her and bit her in the nose." Appellant did not object to this statement. Because he failed to timely object, appellant did not preserve error. *See Saldano v. State*, 70 S.W.3d 873, 889−90 (Tex. Crim. App. 2002) (failure to object in timely and specific manner during trial forfeits complaints about admissibility of evidence). Furthermore, the record reflects that on separate occasions during guilt/innocence, including the admission of Diaz's medical records and testimony from the maxillofacial surgeon who performed surgery on her eye, Diaz's statement that appellant hit her in the face and bit her nose came into evidence. Under these circumstances, we conclude appellant has not presented reversible error. *See Lane v. State*, 151 S.W.3d 188, 192−93 (Tex. Crim. App. 2004) (party must object each time evidence is offered or obtain running objection; error if any in admission of evidence is cured where same evidence comes in elsewhere without objection).

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2
130251F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VICTOR JOEL SUAREZ, Appellant

No. 05-13-00251-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F12-71456-K.
Opinion delivered by Justice Francis,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 28, 2014.