In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00056-CR**
_____

**ROBERT LYNN JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Montgomery County, Texas**
**Trial Cause No. 14-294861**

**MEMORANDUM OPINION**

Appellant Robert Lynn Johnson appeals his conviction for driving while intoxicated—a Class B misdemeanor offense. *See* Tex. Penal Code Ann. § 49.04 (a), (b) (West Supp. 2016). Johnson filed a pretrial motion to suppress evidence. After the trial court denied his motion to suppress, Johnson pleaded guilty to misdemeanor driving while intoxicated. The trial court assessed Johnson's punishment at confinement for 180 days and a $1500 fine, but suspended the imposition of the jail sentence and placed Johnson on community supervision for

1

eighteen months. In one issue, Johnson argues the trial court erred by denying his motion to suppress the blood alcohol test obtained by a warrant. We affirm the judgment of the trial court.

## I. Background

Johnson filed a motion to suppress evidence seized in connection with his detention and arrest. In his motion, Johnson globally argued that "[a]ny tangible evidence seized in connection with this case was seized without warrant, probable cause or other lawful authority in violation of . . . the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 9, 10 and 19 of the Constitution of the State of Texas." At the suppression hearing, however, Johnson informed the court that Johnson was only contesting whether the affidavit articulated sufficient facts to show "probable cause for the issuing of the blood search warrant." Admitted into evidence at the hearing were the "Search Warrant," the "Affidavit for Search Warrant and Magistration[,]" the "Blood Withdrawal Procedure Form[,]" and the "Affidavit of Person who Withdrew Blood[.]"

The search warrant affidavit was sworn to by a sergeant with the Montgomery County Sheriff's Office. According to the affidavit, on January 26, 2014, at approximately 7:20 p.m., a deputy constable observed Johnson operating a

2

motorcycle in a public place. The sergeant attested that the constable reported to him that he initiated the traffic stop of Johnson because Johnson was speeding and had disregarded a stop sign. The affidavit indicates that Johnson was traveling at a rate of speed of 53 miles per hour in a 25 mile per hour zone. The sergeant stated that he was called to assist in the DWI investigation. The sergeant, attesting first-hand, observed that Johnson had a strong odor of alcohol, glassy eyes, and appeared cotton-mouthed. The sergeant averred that Johnson admitted to consuming alcohol while at a friend's house. Johnson also told officers that he started drinking alcohol at 5 p.m. and stopped drinking at 7 p.m. Johnson admitted to consuming two, twelve-ounce beers and one glass of red wine. The sergeant noted that Johnson was cooperative, carefree, and had no noticeable difficulty with balance or walking. Johnson refused to perform all field sobriety tests, which according to the sergeant, left him with the impression that Johnson was attempting to hide evidence of his level of intoxication.

At the suppression hearing, Johnson argued that the affidavit failed to identify sufficient articulable facts of clear signs of intoxication to support a probable cause finding to issue the search warrant. The trial court found there were sufficient facts to support a finding of probable cause, and stated, "This was a good stop. Two traffic offenses; speeding and a stop sign. Strong odor of alcoholic

3

beverage, glassy eyes, and admission to consuming alcohol, and then a refusal to perform filed sobriety tests." After the trial court denied Johnson's motion to suppress, Johnson pleaded guilty to driving while intoxicated. The trial court signed a certification of Johnson's right to appeal, stating that Johnson was allowed to appeal matters raised by written motion filed and ruled upon before trial and not withdrawn or waived. Johnson filed this appeal of the denial of his motion to suppress the blood alcohol evidence.

## II. Standard of Review

Generally, we review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review, and in so doing, we afford almost total deference to a trial court's determination of historical facts as being the sole judge of the witnesses' credibility and the weight of their testimony. *Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016). However, when a motion to suppress is based solely on a magistrate's decision to issue a warrant, there are no credibility determinations to which we must defer because the trial court's review is limited to the four corners of the affidavit. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011); *see also Oubre v. State*, 542 S.W.2d 875, 877 (Tex. Crim. App. 1976) (stating that "[i]t is well settled that the court will not look behind the allegations of an affidavit for the issuance of a search warrant"). In our review of a magistrate's

decision to issue a warrant, "we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search." *McLain*, 337 S.W.3d at 271; *see Illinois v. Gates*, 462 U.S. 213 (1983); *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). When an appellate court reviews an issuing magistrate's determination, we are to interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. *McLain*, 337 S.W.3d at 271; *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). "When in doubt, we defer to all reasonable inferences that the magistrate could have made." *McLain*, 337 S.W.3d at 271. We will uphold the magistrate's probable cause determination if the magistrate had a substantial basis for concluding that probable cause existed to issue the warrant. *McLain*, 337 S.W.3d at 271.

### III. Probable Cause

Johnson argues the trial court erred in not suppressing blood test evidence obtained by a warrant that was issued in reliance upon a deficient affidavit. The Fourth Amendment to the United States Constitution mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *see also* Tex. Code Crim. Proc. Ann. art. 1.06

5

(West 2005) (providing for the protection against unreasonable searches and seizures). Obtaining a blood sample has been found to be a search and seizure within the meaning of the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 769–70 (1966); *Sanchez v. State*, 365 S.W.3d 681, 684 (Tex. Crim. App. 2012); *State v. Dugas*, 296 S.W.3d 112, 115 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Thus, a magistrate may issue a search warrant only after submission of a sworn affidavit setting forth substantial facts establishing probable cause. *State v. Jordan*, 342 S.W.3d 565, 568 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. Ann. art. 18.01(b) (West Supp. 2016)[1]. "Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a 'fair probability' or 'substantial chance' that contraband or evidence of a crime will be found at the specified location." *Flores*, 319 S.W.3d at 702 (quoting *Gates*, 462 U.S. at 238, 243 n.13). Probable cause affidavits may be based upon either personal observations of the affiant or hearsay information provided by reliable and credible sources. *See Franks v. Delaware*, 438 U.S. 154, 165 (1978); *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code

---

[1]We cite to the current version of Article 18.01, because the subsequent amendment does not affect the outcome of this appeal.

Ann. § 49.04(a). A person is intoxicated when he does "not [have] the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body;" or if the person has an "alcohol concentration of 0.08 or more." Tex. Penal Code Ann. 49.01(2) (West 2011). The Court of Criminal Appeals has identified several characteristics that constitute evidence of intoxication, including erratic driving, slurred speech or mumbled words, bloodshot or glassy eyes, unsteady balance, a "staggered gait[,]" swaying, inability to perform field sobriety tests or follow directions, the odor of alcohol on the person or his breath, and admissions concerning recent consumption of alcohol. *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010); *Cotton v. State*, 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985). We have previously recognized that a dry mouth can be considered a common side-effect of intoxication. *Ex parte Wasserloos*, No. 09-12-00178-CR, 2013 WL 1272076, at *1 (Tex. App.—Beaumont Mar., 27, 2013, pet. ref'd) (mem. op., not designated for publication). A suspect's refusal to perform field sobriety tests can be considered evidence of intoxication. *See Maxwell v. State*, 253 S.W.3d 309, 314 (Tex. App.—Fort Worth 2008, pet. ref'd). A person's refusal to submit a blood or breath sample

can also be considered as evidence of intoxication. *See Zill v. State*, 355 S.W.3d 778, 786–87 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

The probable cause affidavit stated that the constable reported to the sergeant that he observed Johnson operating a motorcycle in a public place and that Johnson was speeding and had failed to observe a stop sign. The sergeant stated that he had training and experience in conducting DWI investigations. The observations described in the officer's sworn affidavit—glassy eyes, cotton-mouth, strong odor of alcohol—in conjunction with Johnson's admission to having consumed alcohol, refusal to participate in the field sobriety tests, and refusal to give a blood sample provided a substantial basis to support the magistrate's determination of probable cause that Johnson had been driving while intoxicated. Considering the totality of the circumstances as stated within the four corners of the affidavit in this case, the magistrate was within his discretion to issue the warrant authorizing a draw of Johnson's blood for evidence that he had committed the offense of driving while intoxicated. *See* Tex. Code Crim. Proc. art. 18.01(b); *McLain*, 337 S.W.3d at 271.

Having overruled Johnson's arguments on appeal, we affirm the trial court's order denying Johnson's motion to suppress and affirm the judgement of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on April 4, 2016
Opinion Delivered January 18, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.