**Affirmed and Opinion filed September 20, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00452-CR

**SEBASTIAN DRAYTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1469229**

## O P I N I O N

A jury found appellant guilty of capital murder, and the trial court sentenced appellant to life imprisonment without parole. Appellant challenges his conviction in a single issue, contending that the trial court erred by denying his motion to suppress evidence obtained from the warrant searches of several cell phones and historical cell site data. We affirm.

# I. BACKGROUND

During the investigation of an aggravated robbery, Officer Jose Mora of the Houston Police Department obtained a warrant to search a car registered to appellant's girlfriend. One of the complainants had identified the car by license plate number. Appellant was later observed with the car, and a complainant identified appellant as one of the robbers. The property taken during the robbery included documents, cash, and cell phones. The search warrant for the car states the following:

> YOU ARE THEREFORE COMMANDED to forthwith search the place therein named, to wit: [description of the car], and any and all containers and compartments within said vehicle . . . with the authority to search for and seize any and all items constituting evidence of Aggravated Robbery or that a particular person committed the offense of Aggravated Robbery, including, but not limited to firearms, magazines, and bullets; items that may contain biological material; fingerprints; hair fiber(s); documents establishing identity of additional suspect(s) such as paper(s), license(s), cell phone(s); and property belonging to the complainants such as cell phones.

During a search of that car, officers seized five cell phones, two of which were the subject of appellant's motion to suppress: a "white LG" phone and a "Metro PCS" phone.

Officer Mora applied for a warrant to search for data on the white LG phone with a five-page affidavit. In the affidavit, Officer Mora testified about the investigation leading to appellant being a suspect in the robbery and the search of the car, including that (1) a complainant identified the car as the robbers' vehicle by license plate number; (2) a complainant identified appellant as one of the robbers; (3) appellant was linked to the car because it was registered to appellant's girlfriend, and an officer saw appellant with the car; and (4) five cell phones,

2

including the white LG phone, were found during the search of the car. Officer Mora described what he did next:

> Your affiant took custody of all five recovered phones . . . as part of the investigation into this and other incidents. Affiant attempted to turn on all of the phones, in an attempt to ascertain their ownership, and observed that the owner profile for the white LG [phone] listed [appellant] as the owner, with the number for the phone . . . was the same number that [appellant]'s girlfriend . . . reported as being [appellant]'s phone number.

Officer Mora testified further that persons using cellular telephones utilize electronic and wire communications daily, and that the contents of the stored communications were probably relevant and material to the investigation.

Based on this affidavit, a magistrate issued a search warrant for the data on the white LG phone. A subsequent search of that phone revealed incriminating information. Another officer applied for a search warrant for the Metro PCS phone and, in the warrant affidavit, the officer testified about similar facts recited in the affidavit related to the search warrant for the white LG phone. Additionally, the officer referred to some information that had been discovered during the warrant search for the data on the white LG phone.

A magistrate issued a search warrant for the data on the Metro PCS phone. A search of the Metro PCS phone revealed incriminating evidence related to the capital murder in this case, and the evidence was admitted at appellant's trial. The State obtained additional search warrants for historical cell site data related to the two phones, and some of this evidence was admitted at appellant's trial.

## II.    ANALYSIS

Appellant contends that the trial court abused its discretion by overruling the motion to suppress evidence discovered from the warrant searches of the phones

and additional evidence subsequently derived from the warrant searches. Appellant does *not* contend that Officer Mora lacked authority to seize the cell phones pursuant to the car search warrant, that the car search warrant was not supported by probable cause to seize the cell phones, or that Officer Mora lacked probable cause to search the white LG phone. Rather, appellant contends that Officer Mora conducted an illegal warrantless search of the white LG phone by opening it to determine ownership, and this unconstitutional search tainted the subsequent search warrants for data on each phone.

The State contends, among other things, that Officer Mora legally searched the white LG phone under the authority of the car search warrant because the warrant authorized Mora to seize "documents," which can be stored on a cell phone.

We hold that the trial court did not abuse its discretion by finding that Officer Mora's brief search of the white LG phone to determine ownership was authorized by the car search warrant. Thus, the subsequent search warrants for the cell phones' data and historical cell site information were not tainted by an illegal warrantless search.

## A.    Standard of Review

Appellate courts review a trial court's ruling on a motion to suppress by giving almost total deference to the historical facts found by the trial court and by analyzing de novo the trial court's application of the law. S*tate v. Cuong Phu Le*, 463 S.W.3d 872, 876 (Tex. Crim. App. 2015). Whether a search in this case exceeded the scope of the warrant is a question of law because resolution of the issue depends solely on an examination of the warrant and the affidavit. *Cf. State v. Powell*, 306 S.W.3d 761, 765–66 & n.8 (Tex. Crim. App. 2010) (whether seizure exceeded scope of warrant was question of law).

4

**B.    Legal Principles**

Under the Fourth Amendment to the United States Constitution, a search warrant may not issue without a finding of probable cause to believe that a particular item will be found at a particular location. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). The Fourth Amendment's particularity requirement is primarily meant to prevent "general searches" and the seizure of one thing under a warrant that describes another thing to be seized. *Powell*, 306 S.W.3d at 765. The scope of a search is governed by the terms of the warrant, and the scope includes spatial restrictions as well as the items to be seized. *See Zarychta v. State*, 44 S.W.3d 155, 166 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *see also Powell*, 306 S.W.3d at 765–66, 768–69 & n.13 (items to be seized); *Long v. State*, 132 S.W.3d 443, 453–54 (Tex. Crim. App. 2004) (spatial restrictions).

When a search is conducted pursuant to a warrant, the search may be "as extensive as is reasonably required to locate items described in the warrant." *Zarychta*, 44 S.W.3d at 166. Thus, even if a warrant does not authorize the seizure of a particular item or container, officers sometimes may open that item or container while conducting a search. *See Powell*, 306 S.W.3d at 767.

A lawful search of a premises, for example, "generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." *United States v. Ross*, 456 U.S. 798, 820–21 (1982). Similarly, a warrant to search a vehicle "would support a search of every part of the vehicle that might contain the object of the search." *Id.* at 821. "When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or

between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand." *Id.*

An officer exceeds the scope of a valid search if the officer takes action "unrelated to the objectives of the authorized intrusion," and the officer exposes to view concealed portions of the premises or its contents. *See Arizona v. Hicks*, 480 U.S. 321, 324–26, 328 (1987) (holding that officer's moving of stereo equipment to check serial number was an unreasonable search under the Fourth Amendment, unsupported by probable cause, when the initial purpose of the intrusion onto the premises was to search for people or weapons).

In determining whether a search went beyond the scope of a warrant, the test is whether the search was unreasonable because only unreasonable searches are prohibited by the Fourth Amendment. *See Long v. State*, 532 S.W.2d 591, 596 (Tex. Crim. App. 1975). What is reasonable within the meaning of the Fourth Amendment depends on the circumstances of each case. *Id.* There is no rigidly fixed formula. *Id.*

## C.    Search Within the Scope of the Warrant

The State contends that Officer Mora acted reasonably within the scope of the car search warrant when he opened the white LG phone because the car search warrant authorized him "to search through the cell phones for documents establishing the identity of additional suspects," citing *United States v. Aguirre*, 664 F.3d 606 (5th Cir. 2011). In *Aguirre*, the Fifth Circuit upheld the search of a cell phone for text messages, the directory, and call logs although the search warrant did not include cell phones among the items to be searched. *See id.* at 614–15. The court reasoned that the data on the cell phone were "functional

6

equivalents" of items listed in the search warrant, such as correspondence, address books, and telephone directories. *Id.*

It is unclear whether a cell phone discovered in a car is like a "container" that may be rifled through pursuant to a warrant authorizing the seizure of "documents." *See Riley v. California*, 134 S. Ct. 2473, 2491, 2495 (2014) (holding that although officers could seize a cell phone during a lawful search, officers could not search the phone itself; "Treating a cell phone as a container whose contents may be searched incident to an arrest is a bit strained as an initial matter."). Usually, an affidavit offered in support of a warrant to search a cell phone must include facts that a cell phone was used during the crime or shortly before or after. *Foreman v. State*, Nos. 14-15-01005-CR, 14-15-01006-CR, 2018 WL 4183716, at *13 (Tex. App.—Houston [14th Dist.] Aug. 31, 2018, no pet. h.) (en banc).

However, we need not reach such a broad holding as the State advances. In this case, the car search warrant authorized the seizure of not mere "documents." The warrant specifically referred to the seizure of "cell phone(s)" that would establish "the identity of additional suspect(s)" and "property belonging to the complainants such as cell phones." For Officer Mora to determine whether the five cell phones discovered in the car were cell phones particularly described in the warrant, he necessarily would have been able to inspect the phones to determine whether they were likely to establish the identity of additional suspects or were property belonging to the complainants.

Officer Mora's opening of the phone to view the "owner profile" was not excessive considering that he possessed authority to conduct a search as extensive as was reasonably required to locate items described in the warrant. *See Zarychta*, 44 S.W.3d at 166. Officer Mora's conduct was not "unrelated to the objectives of

the authorized intrusion." *See Hicks*, 480 U.S. at 325. The objective of the authorized intrusion was to seize cell phones "belonging to the complainants" and "establishing identity of additional suspect(s)." Thus, Officer Mora's search of the white LG phone's "owner profile" was directly related to the objectives of the authorized intrusion.

Under the facts of this case, Officer Mora's brief search of the white LG phone was reasonable. Because Officer Mora did not conduct an illegal search of the phone, we reject appellant's contention that evidence obtained from the subsequent warrant searches of the phones' data and historical cell site information should be suppressed as fruit of an illegal search. Appellant's sole issue is overruled.

## III.   CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/    Ken Wise
Justice

Panel consists of Justices Boyce, Donovan, and Wise.

Publish — Tex. R. App. P. 47.2(b).

8