

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00089-CR
_____

TAJ RAMEL LEE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 30504

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

A Lamar County jury convicted Taj Ramel Lee of (1) possession of four grams or more but less than 200 grams of methamphetamine with intent to deliver, a first-degree felony, and (2) possession of cocaine in an amount less than one gram, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d), 481.115(b) (Supp.). After the jury found the State's habitual-offender-punishment-enhancement allegations true, it assessed a sentence of forty-five years' imprisonment and twenty years' imprisonment, respectively. *See* TEX. PENAL CODE ANN. §§ 12.42, 12.425. Choosing to appear pro se on appeal, Lee argues that juror bias prejudiced his right to a fair trial, there was a fatal variance in the indictment and judgment involving possession of methamphetamine, the trial court erred by failing to suppress evidence, his sentence was improperly enhanced by a thirty-year-old conviction, there was jury-charge error, there was prosecutorial misconduct, he received ineffective assistance of counsel, and he was deprived of due process and his "Rights Error on Appeal."

We find that (1) Lee did not preserve his complaint about juror bias, (2) Lee's variance complaint about the indictment is unpreserved and his variance complaint about the judgment is meritless, (3) the trial court properly overruled Lee's motion to suppress, (4) Lee failed to preserve his arguments related to the State's enhancements, (5) Lee failed to identify the alleged jury-charge error, (6) Lee did not preserve a prosecutorial-misconduct complaint, (7) Lee did not receive ineffective assistance of counsel, and (8) Lee's due-process complaint is meritless.

Even so, we modify the trial court's judgments to reflect that, while Lee pled true to the State's first punishment-enhancement allegation, he pled not true to the second punishment-enhancement allegation. As modified, we affirm the trial court's judgments.

## I. Lee Did Not Preserve His Complaint About Juror Bias

During voir dire, veniremember 14 stated that she was familiar with Lee because she worked in the district clerk's office and had filed paperwork containing Lee's name. Even so, veniremember 14 said she did not know about the facts of the case. Lee did not move to challenge veniremember 14 for cause and did not exercise any preemptory strikes against her. As a result, she was seated on the jury. In his first point of error on appeal, Lee argues that she must have been biased against him.

Generally, to preserve a complaint for appellate review, the party must make his complaint "to the trial court by a timely request, objection, or motion" that states the grounds for the ruling sought "with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1). "Where a party wishes to exclude a juror because of bias, it is the party seeking exclusion who must demonstrate, through questioning, that the potential juror lacks impartiality." *Buntion v. State*, 482 S.W.3d 58, 84 (Tex. Crim. App. 2016). Then, the party must challenge the juror for cause once establishing "that the prospective juror understood the requirements of the law and could not overcome his prejudice well enough to follow the law." *Id.*

Here, the voir dire transcript shows that Lee never made any complaint about veniremember 14's alleged bias, did not challenge her for cause, did not file a preemptory strike

3

against her, and did not complain when she was seated on the jury. As a result, we find Lee's first point of error unpreserved, and we overrule it.

## II. Lee's Variance Arguments Are Unpreserved and Meritless

The State alleged in its indictment that Lee "did then and there knowingly possess, with intent to deliver, a controlled substance, namely Methamphetamine, in an amount of four grams or more but less than 200 grams." The State filed a superseding indictment containing the same language. Even so, in his second point of error on appeal, Lee argues that the superseding indictment contained a fatal variance because he was "neither re-arrested nor properly notified of the amended charges." Lee did not object to the indictment or superseding indictment and did not otherwise preserve this issue for our review. *See* TEX. R. APP. P. 33.1; TEX. CODE CRIM. PROC. ANN. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment . . . before the date on which the trial on the merits commences, . . . he may not raise the objection on appeal or in any other postconviction proceeding."). Moreover, Lee fails to argue that there was any material variance between the indictment and the proof at trial.

Next, Lee also argues that there is a variance in the judgment related to the offense involving methamphetamine because "the final conviction by the jury was for Manufacturing of a Controlled Substance . . . , which was not the charge under the superseding indictment." Lee's characterization of the judgment is incorrect. The judgment states that Lee was convicted of "MAN DEL CS PG 1 >=4G<200G." This is because Section 481.112 of the Texas Health and Safety Code is titled "Manufacture or Delivery of Substance in Penalty Group 1," and the statute

4

reads, "[A] person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Supp.). Because the judgment correctly describes the statute of offense for which Lee was indicted and convicted, this argument is meritless.

We overrule Lee's second point of error.

## III. The Trial Court Properly Overruled Lee's Motion to Suppress

In his next point of error, Lee argues that, even though officers had a warrant to search his business, the trial court erred by failing to suppress the evidence obtained from the business when the search warrant was executed. We overrule this point of error.

### A. Factual and Procedural Background

Lee filed a motion to suppress evidence found at his commercial business, but he did not obtain a pretrial ruling on his suppression motion. As a result, the trial court carried the suppression issue with the case.

At trial, Brenton Middleton, a detective with the Paris Police Department (PPD), testified that an arrest warrant had been issued for Lee for "felony assault." Middleton said he identified where Lee lived and applied for a search warrant for Lee's person at his residence on Askins Drive, which was also issued.

Josh Crawford, a lieutenant with the Lamar County Sheriff's Office (LCSO), testified that he assisted in executing the search warrants on July 26, 2023, to arrest Lee at his home. Crawford said that Lee was the only person in the home when the search warrant was executed and that, while checking to see if anyone else was present in the home for officer safety, he saw a

5

plastic bag containing a white residue in plain view. Middleton testified that he field-tested the white residue and that "[t]he presumptive test showed positive for cocaine." Middleton said that, after the completion of the field test, he applied for and obtained a second search warrant to search Lee's home for contraband. Crawford testified that, when executing the second search warrant, he found contraband, later confirmed to be crack cocaine, in the kitchen cabinets, next to Lee's birth certificate and social security card.[1]

Middleton testified that officers also located Lee's business cards, which listed him as the owner of a business named "Curb Appeal," located at 98 East Booth Street (business premises). According to Middleton, officers obtained a search warrant for the business premises.

Cody Logsden, a detective with the PPD, testified that the alleged assault for which Lee was arrested had occurred at the business premises, which included a metal shop building, and that he was originally at the site to determine if it had cameras that could have recorded the alleged assault. Logsden said that, when he went to the back of the shop building, he saw a "Can-Am Spyder" (Spyder) without a license plate and that the public Vehicle Identification Number (VIN) on the "front frame rail" "came back stolen." Logsden clarified that the business premises had no signs or gates preventing entry to the back of the metal building. Logsden testified that he wrote an affidavit to secure a search warrant to find the Spyder's keys and missing license plate inside of the metal building, which would have connected Lee to the stolen vehicle.

---

[1]Robert Prince, Jr., a forensic scientist with the Texas Department of Public Safety Crime Laboratory in Tyler, Texas, testified that the substance was .97 grams of crack cocaine.

Leigh Foreman, a detective with the PPD, testified that the search of the metal building's restroom uncovered a bag containing a dealer amount of methamphetamine,[2] digital scales, and approximately 240 Ziploc bags in three different sizes. Foreman testified that the metal building contained utility bills and other items indicating Lee's ownership of the business.

After hearing the evidence, the trial court denied Lee's suppression motion.

## B.      Standard of Review

"We review a trial court's ruling on a motion to suppress under a bifurcated standard." *Johnson v. State*, 682 S.W.3d 638, 647 (Tex. App.—Tyler 2024, pet. ref'd) (citing *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)). "A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard." *Id.* (citing *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008)).

"We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor." *Id.* (citing *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008)). "At a suppression hearing, a trial court is the exclusive trier of fact and judge of the witnesses' credibility." *Id.* (citing *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002)). "Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's

---

[2]Prince testified that the bag contained 16.80 grams of methamphetamine.

testimony." *Id.* (citing *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)). "However, a trial court has no discretion in determining what the law is or applying the law to the facts." *Id.* "Thus, a failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion." *Id.*

### C.    Analysis

Here, the record shows that the State obtained warrants to arrest Lee and search his home. Lee's suppression motion did not seek to suppress the evidence obtained from his home. Instead, Lee challenged only the evidence obtained at his business premises. Lee asserted in the suppression motion that the VIN on the Spyder was not public but was located under the seat of the vehicle. As a result, Lee argued that, "[w]hen [Logsden] raised the seat to find the VIN he committed burglary of a motor vehicle, therefor[e] the affidavit for the search warrant was based upon illegally obtain[ed] information."

Logsden testified that the VIN was located on the frame of the Spyder, that he did not have to lift the seat on the Spyder to obtain the VIN, and that he did not open or "do anything to enter the Spyder" to obtain the VIN number. The State also introduced the Spyder's operator's guide, which showed that the public VIN was displayed on the outside of the vehicle and could be easily seen without touching it. In denying the suppression motion, the trial court said that "the factual issue of whether . . . the officer had to make an intrusion into the [Spyder] which

8

would have exceeded the scope of any lawful search . . . was disproven by the officer's testimony."[3] That factual finding made by the trial court is entitled to deference.

"Under the Fourth Amendment to the United States Constitution, a search warrant may not issue without a finding of probable cause to believe that a particular item will be found at a particular location." *Drayton v. State*, 559 S.W.3d 722, 725–26 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (citing *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010)). Here, the judge that signed the warrant to allow a search of the business premises determined that Logsden's affidavit, which said that the Spyder was stolen, provided probable cause to search the metal building for the Sypder's keys and missing license plate. Lee does not challenge that probable-cause finding. Instead, he argues that the affidavit did not provide probable cause to search the metal building for drugs, but that is not the issue. In fact, "[w]hen a search is conducted pursuant to a warrant, the search may be 'as extensive as is reasonably required to locate items described in the warrant.'" *Id.* at 726 (quoting *Zarychta v. State*, 44 S.W.3d 155, 166 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)). As a result, officers were free to search the business premises by looking any place where the keys and license plate could have been found.

---

[3]The trial court also commented that Lee lacked standing and did not have a reasonable expectation of privacy because "this was a commercial business open to the public." Lee challenges that finding on the ground that the business was closed and not open to the public. "An owner or operator of a business . . . has an expectation of privacy in commercial property, which society is prepared to consider to be reasonable." *New York v. Burger*, 482 U.S. 691, 699 (1987). "This expectation exists . . . with respect to traditional police searches . . . ." *Id.* at 699–700. "An expectation of privacy in commercial premises, however, is different from, and indeed less than, a similar expectation in an individual's home." *Id.* at 700. Regardless, this Court assumes in its analysis that Lee had standing to challenge the legality of the search of his business premises.

We conclude that the officer's search of the metal building, conducted pursuant to a search warrant, was lawful. As a result, we conclude that the trial court did not abuse its discretion by overruling Lee's suppression motion, and we overrule this point of error.

## IV. Lee Failed to Preserve His Arguments Related to the State's Enhancements

The State presented the following habitual-offender-punishment-enhancement allegations:

> And it is further presented that, prior to the commission of the charged offense (hereafter styled the primary offense), on September 3, 1992, in cause number 13724 in the 6th District Court of Lamar County, Texas, the defendant was finally convicted of the felony offense of Aggravated Assault.
>
> And it is further presented that, prior to the commission of the primary offense, and after the conviction in cause number 13724 was final, the defendant committed the felony offense of Unlawful Possession of Firearm by Felon and was finally convicted on June 2, 2008, in cause number 21109 in the 6th District Court of Lamar County, Texas.

First, Lee argues that "the [S]tate's attempt to use a 30-year-old conviction for enhancement is unconstitutional." He also argues that the finality of the 1992 conviction was unclear and that it cannot support an enhancement if the conviction was not final before the 2008 offense.

The record demonstrates that Lee pled true to the 1992 conviction for aggravated assault and raised no complaint about its staleness. During the course of his plea, Lee also agreed that he was finally convicted of the offense on September 3, 1992. At the punishment trial, James Cole Sain, a lieutenant with the LCSO, testified about that conviction, and the State introduced the 1992 judgment of conviction without objection, which showed that Lee was previously sentenced to ten years' imprisonment.

10

Complaints about enhancements, like the one made by Lee, must be preserved. *See* TEX. R. APP. P. 33.1; *Biggers v. State*, 634 S.W.3d 244, 249–50 (Tex. App.—Texarkana 2021, pet. ref'd).[4] Because the record shows that Lee did not raise his appellate complaints related to the State's enhancements with the trial court, we overrule these complaints as unpreserved.

## V. Lee Fails to Identify the Alleged Jury-Charge Error

Claiming jury-charge error, Lee argues that there was an "Improper Separation [of the] Primary Charge and Its Impact on Warrant Validity." Although Lee's pro se briefing on the matter is unclear, it appears that Lee is raising the same arguments made by his suppression motion. We have already determined that the trial court properly denied Lee's suppression motion. We further find that Lee fails to alert this Court in his brief to any alleged jury-charge error. To the extent Lee's brief can somehow be liberally read to include any complaint about the charge submitted to the jury, we overrule the complaint as inadequately briefed. *See* TEX. R. APP. P. 38.1(g), (i).

## VI. Lee Did Not Preserve a Prosecutorial Misconduct Complaint

In his sixth point of error, Lee argues that the State engaged in prosecutorial misconduct when it amended its indictment. As we noted above, Lee did not object to the State's amended indictment. As a result, "he waive[d] and forfeit[ed]" his appellate complaint. TEX. CODE CRIM. PROC. ANN. art. 1.14(b); *see also* TEX. R. APP. P. 33.1. Also, "[t]o preserve a prosecutorial misconduct complaint, a defendant must generally make a timely and specific objection, request

---

[4]Lee also argues that he received cruel and unusual punishment in violation of the Eighth Amendment because of the State's use of his old conviction. This claim was not raised below, and "failure to preserve [an] Eight[h] Amendment claim at trial forfeits the claim for appellate review." *Ex parte Scott*, 541 S.W.3d 104, 118 n.14 (Tex. Crim. App. 2017) (orig. proceeding).

an instruction to disregard the matter improperly placed before the jury, and move for a mistrial." *Johnson v. State*, 432 S.W.3d 552, 561 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) (per curiam), *abrogated on other grounds by Wall v. State*, 184 S.W.3d 730 (Tex. Crim. App. 2006); TEX. R. APP. P. 33.1(a)).

Our review of the appellate record shows that Lee did not raise any complaint about prosecutorial misconduct. Accordingly, we overrule his sixth point of error.

## VII. Lee Did Not Receive Ineffective Assistance of Counsel

In his next point of error, Lee argues that he received ineffective assistance of counsel because his trial counsel failed to secure and review body-camera footage allegedly withheld by the State.

"To prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88 . . . (1984)." *Auld v. State*, 652 S.W.3d 95, 112 (Tex. App.—Texarkana 2022, no pet.) (citing *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding)). "A failure to make a showing under either prong defeats a claim for ineffective assistance." *Id.* (citing *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003)). "As many cases have noted, the right to counsel does not mean the right to errorless counsel." *Id.* (quoting *Lampkin v. State*, 470 S.W.3d 876, 896 (Tex. App.—Texarkana 2015, pet. ref'd) (citing *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006))).

The first *Strickland* "prong requires a showing 'that counsel's performance fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). "This

12

requirement can be difficult to meet since there is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). "'Trial counsel "should ordinarily be afforded an opportunity to explain his [or her] actions before being"' found ineffective." *Id.* (alteration in original) (quoting *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012)). Where, as here, "an appellate record is silent on why trial counsel failed to take certain actions, the appellant has 'failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Id.* (quoting *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007)). "This is because allegations of ineffectiveness 'must "be firmly founded in the record."'" *Id.* (quoting *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002)).

Our review of the appellate record shows that no body-camera footage was presented or discussed at trial. To the extent that Lee complains that there was body-camera footage from his arrest, we find nothing to show that Lee's counsel rendered ineffective assistance by not discussing the issue. In light of officer testimony at trial, Lee's counsel could have determined that the footage would be incriminatory instead of exculpatory, since it was likely to confirm testimony about how officers located the drugs resulting in Lee's conviction. Because we find that Lee has failed to meet the first *Strickland* prong, we need not discuss the second.

We find that Lee did not receive ineffective assistance of counsel. As a result, we overrule this point of error.

13

**VIII. Lee's Due-Process Complaint Is Meritless**

In his last point of error, Lee argues that the State failed to provide full discovery and complains that he was denied due process due to "multiple constitutional and procedural violations that occurred throughout the proceedings."[5] Although not mentioned in the reporter's record, the clerk's record shows that the State filed an original and two supplemental notices of delivery of discovery to the defense. As a result, Lee filed a waiver of pretrial conference and announced ready for trial.

We find that nothing shows that the State failed to disclose the contents of its files to the defense. As a result, we find Lee's due-process complaint meritless, and we overrule it.

**IX. We Modify the Judgments**

Although we find no error in the trial court's rulings, we have found a clerical error in its judgments. The trial court's judgments state that Lee pled true to both of the State's punishment-enhancement allegations even though the reporter's record shows that Lee only pled true to the State's first punishment-enhancement allegation.

"This Court has the power to correct and modify the judgment[s] of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the

---

[5]Our rulings on Lee's other points of error are dispositive of his general due-process complaint.

14

question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

To properly reflect the record, we must modify the trial court's judgments.

## X. Conclusion

We modify the judgments to reflect that Lee pled "Not True" to the State's second punishment-enhancement allegation. As modified, we affirm the trial court's judgments.

Charles van Cleef
Justice

Date Submitted:     May 7, 2025
Date Decided:       May 8, 2025

Do Not Publish

15